ANESETTO GUERRERO V. THE STATE.

No. 2678. Decided May 11, 1904.

**1.—Confession—Tracks.**

Where the evidence showed that the sheriff who had arrested appellant took him to the place where the track was and ordered him to take his shoe from his foot, and appellant obeyed, and the sheriff put the shoe in the track and it fitted exactly, the question of confession while under arrest is not involved. Following: Thompson v. State, 8 Texas Ct. Rep., 32.

**2.—Circumstantial Evidence—Charge of the Court.**

If the facts are not of sufficient cogency in their nearness and proximity to the immediate transaction, the court is not relieved of the duty of charging the law of circumstantial evidence.

**3.—Same.**

See opinion for evidence held to require a charge on circumstantial evidence.

**4.—Indictment.**

Where the indictment charged the theft of "one head of hogs," a motion to quash because of pleading not being grammatical is hypercritical.

Appeal from the District Court of La Salle. Tried below before Hon. E. A. Stevens.

Appeal from a conviction of theft of a hog; penalty, two years imprisonment in the penitentiary.

*H. C. Lane,* for appellant.—Where circumstantial evidence is relied upon for conviction, the failure to charge thereon is reversible error, whether requested or not, or whether excepted to. Palanco v. State, 33 Texas Crim. Rep., 633; Crowel v. State, 24 Texas Crim. App., 404; Boyd v. State, 24 Texas Crim. App., 570; Taylor v. State, 27 Texas Crim. App., 463; Roebuck v. State, 40 Texas Crim. Rep., 689; Cook v. State, 14 Texas Crim. App., 96.

Actions and words are upon the same footing and the rules as to their admissibility are identical. Art. 790, White's C. C. P., 637; Fulcher v. State, 28 Texas Crim. App., 465; Nolan v. State, 14 Texas Crim. App., 474.

*Howard Martin,* Assistant Attorney-General, for the State.—On question of confessions: Thompson v. State, 8 Texas Crim. Rep., 32; Walker v. State, 7 Texas Crim. App., 245; Meyer v. State, 14 Id., 35; Bryant v. State, 18 Id., 107.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with the theft of "one head of hogs." It is contended this is not a sufficient designation of the property, and not in compliance with correct pleading; that the charge should have been the theft of one hog. It is also contended the pleading is not grammatically correct; that "one head" is in the singular, and "hogs" is plural, denoting more than one. This criticism is hypercritical.

While under arrest appellant was carried by the sheriff to a point where tracks were found upon the ground. These tracks were supposed to have been made by the person who killed the hog mentioned in the indictment. The sheriff testified he gave appellant the statutory warning as to what he might say, but did not warn him as to any act he might do or perform. It is made to appear that appellant does not understand English, and that the sheriff spoke Spanish very imperfectly. Appellant testified that he was not warned; "if I was I did not understand." Here the bill of exceptions lets the matter rest. If the question of confession was the issue we would be inclined to hold that this was not a sufficient warning. In order to make the confession admissible the warning must be such as is understood by the accused and is operating upon his mind or is present in his thought at the time of making the confession. That is, he must make his confession with the warning in mind. If appellant did not understand the remarks made by the sheriff it would be no warning. If the sheriff warned him in the English language it was clearly not understood by appellant. If in Spanish it is uncontroverted that the sheriff spoke Spanish very imperfectly

and may not have made himself understood; and appellant swears that
he did not understand he was warned. However, we believe that matter
is not brought up by bill of exceptions. This bill shows that at the
place where the track was and at the time of the supposed warning and
immediately thereafter the sheriff ordered appellant to take his shoe
from his foot. Appellant obeyed. The sheriff put it in the track, and
it fitted exactly. This does not come within the rule of confessions
provided by statute, as we understand the well settled line of decisions
in this State. The distinction between this character of evidence and
confessions, whether by word or acts, is clearly drawn in Noland v.
State, 14 Texas Crim. App., 474, where the doctrine laid down in
Walker's case, 7 Texas Crim. App., 245, is reaffirmed. See also
Thompson v. State, 8 Texas Ct. Rep., 32; Meyers v. State, 14 Texas
Crim. App., 35; Bryant v. State, 18 Texas Crim. App., 107. This was
not an act of appellant in the nature of a confession as in Noland's case,
supra, or in Fulcher's case, 28 Texas Crim. App., 465.

A serious question in the case is the omission of the court to charge
the law applicable to circumstantial evidence. Witness Will Mc-
Combs, nephew of the alleged owner, testified that while riding in
the Irvine pasture he heard four shots, and after an interregnum of
time another. After hearing the five shots he hitched his horse and
walked half a mile to near where he heard the shots. He came in
sight of defendant hanging up a pig in the fork of a mesquite bush,
some two and one-half or three feet high. Witness hid in the brush.
After hanging the hog up, defendant went in the direction of witness,
and when within about fifty yards, worked the lever of his gun several
times. He did not stoop down or pick up anything from the ground.
He then passed within about thirty steps of witness, and went in the
direction of his home. Witness examined the pig and recognized it as
his uncle's. The pig weighed about thirty pounds. He informed his
uncle of these matters, and they returned to the Irvine pasture, where
the alleged owner testified he found the hog hanging in the fork of the
mesquite bush; it was dead, and was killed by a gunshot. From this
point they trailed a track. The sheriff arrested appellant the following
day, and en route to jail carried him to the point designated by the
witness McComb: and there fitted the shoe appellant was wearing in
the track found upon the ground, which coresponded exactly. How
long it was between the cessation of the four shots, as mentioned by wit-
ness Will McCombs, and the firing of the fifth shot; or how long after
the firing of the fifth shot before he hitched his horse and went in the
direction of where he heard the shots, is left to conjecture. The dis-
tance is stated to be about one-half mile. Coming in sight of appel-
lant, witness stopped and recognized him as being the man he saw
hanging the hog in the mesquite bush. It is further shown that the
hog was shot, and that appellant had a winchester with him. There
is unquestioned evidence also that there was a Mexican at appellant's

residence who wore a shoe corresponding exactly with that worn by appellant. This evidence is from the State's witnesses. It is contended by appellant that this case depends purely on circumstantial evidence and required the court to submit that phase of the law. The State contends that the facts placed appellant in such close proximity and juxtaposition that the court was justified in not charging this phase of the law. There are some authorities in this State which sustain the State's contention. But we are of opinion that the facts of these cases place the relation of the accused more nearly to the immediate act relied upon by the State than does the testimony in this record. While the fact that appellant was seen hanging the hog in a bush, and that he had a gun, and that the hog was shot, might be cogent circumstances tending to prove his guilt, yet it is a deduction and must be an inference from these facts that would justify the jury in concluding he shot the pig. We are therefore of opinion that the facts were not of sufficient cogency in their nearness and proximity to the immediate transaction to relieve the court of the duty of charging the law of circumstantial evidence.

There is also some question of more or less importance arising upon the motion for new trial, in regard to newly discovered testimony, but on another trial the witnesses will be before the court.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*