## ZOLLIE JOHNSON v. THE STATE.

No. 6783. Decided March 15, 1922.

1 —Burglary—Tracks—Evidence—Placing Feet in Tracks.

Where, upon trial of burglary, defendant's counsel objected to the testimony of the officers as to tracks about the smoke house and the description of the tracks because the defendant was not connected with them, but the State's attorney assured the court that such connection would be shown, and such connection was thereafter shown, there was no reversible error, nor was there any error that defendant placed his feet in the tracks, whether he did so willingly or not. Following Hahn v. State, 73 Texas Crim. Rep., 409, and other cases.

### 2.—Same—Declarations by Defendant—Arrest—Fruits of Crime.

On trial of burglary, there was no error in admitting a declaration by the defendant to the officers that there was no use in going down to the branch to compare the tracks, that the officer might as well go on to town as he had the right negro, because defendant was then under arrest and not warned, it being shown that in connection with this declaration the defendant informed the officer where the alleged stolen property was hidden and where it was found and recovered.

### 3.—Same—Evidence—Imputing Crime To Another.

Where, upon trial of burglary, defendant offered in evidence some pleas of guilty and judgments of conviction entered against a third party, and also said party's confessions, but the bill of exceptions did not set forth said matters, the same could not be considered on appeal; besides, the testimony was inadmissible to show that some other person committed the offense, as no proximity to the offense was shown.

Appeal from the District Court of Fannin.   Tried below before the Honorable Ben H. Denton.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey*, Assistant Attorney General, and *Geo. P. Blackburn*, District Attorney, for the State.—Cited cases in opinion.

HAWKINS, Judge.—Conviction is for burglary.   Punishment was assessed at two years confinement in the penitentiary.

On the night of July 13, 1921, a smoke house belonging to Mrs. Elizabeth Hawley was burglarized and about one hundred pounds of meat, consisting of three sides and two jowls, were stolen.   The meat had been hung with strips torn off a gingham apron and when recovered was fully identified by the owner by these gingham strips. The burglary and theft was discovered early the next morning and officer R. B. Fisher was called to Mrs. Hawley's to make an investigation.   The officer testified that he noticed some peculiar tracks around the smokehouse and also in a cotton patch where the tracks appeared to be coming toward the smoke house and also leaving it.   These tracks were described as peculiar in that the left foot had a shoe so worn that three toes stuck out over the edge of the sole and would show every time a step was made.   These tracks leaving the smoke house were followed by the officer across several fields where the ground had been freshly plowed.   The track were not discernible when crossing a road, but would be picked up on the other side, and were going in a southeasterly direction.   They were followed to within about half a mile of appellant's house where they went into a hard road and could not be followed further.   Fisher went to appellant's

house and found him at work in the cotton patch. A shoe on appellant's foot corresponded to the one which had apparently made the tracks with three toes sticking out over the outside of the sole of the shoe. Appellant was taken by the officer back to where the burglary occurred and he was caused to make some tracks in soft soil. The officer testified that it was exactly the same track, at least, his foot fit the other rack. At this point the officer suggested that they go down on the branch and try the tracks there to which appellant replied that "there was no use to do that, that he might as well go on to town that he had the right negro," and told the officer in this connection that the meat was hidden under the floor of his (appellant's) smoke house. After this information was given by appellant the officer went with a son of Mrs. Hawley and under the floor of appellant's smoke house found all of the meat which had been stolen.

During the progress of the trial appellant made many objections to the testimony of the officer. Bills of exception numbers one and two are to the officer's testifying as to any tracks at all about the smoke house, and further as to his description of the tracks, because it had not been shown that appellant had an connection therewith. When this objection was made the attorney representing the State assured the court that the connection would be shown, whereupon the court overruled the objection. That the connection of appellant with the tracks was shown is obvious from the facts in evidence heretofore recited as well as from the qualifications of the judge to the bills of exception. Further objection was made to the testimony of the officer as to placing appellant's feet in the tracks found near the smoke house and also causing him to make tracks near them for the purpose of comparison, the objection being that it was against the will and without the consent of the appellant. It will be observed in connection with this bill that the evidence fails to show that appellant objected in any way to making the tracks for the purpose of comparison, and even if he had done so, the authorities hereafter cited authorize the evidence. We do not discuss the various bills of exception raising the foregoing questions at length but for authorities supporting the action of the court in the admission of the testimony complained of we cite: Walker v. State, 7 Texas Crim. App. 245; Meyers v. State, 14 Texas Crim. App. 48; Squires v. State, 54 S. W. Rep. 771; Thompson v. State, 45 Texas Crim. Rep. 190, 74 S. W. Rep. 914; Guerrero v. State, 46 Texas Crim. Rep. 445, 80 S. W. Rep. 1001; Hahn v. State, 73 Texas Crim. Rep. 409, 165 S. W. Rep. 218.

Objection was also made to the testimony of officer Fisher that when he suggested they go down on the branch and compare the tracks appellant replied "there was no use in doing that, you might as well go on to town, you have the right negro," because appellant was under arrest and not warned. It appears from the qualifications to this bill as well as from the evidence in the record that in connection with

this same statement appellant informed the officer where the meat was hidden under the floor of appellant's smoke house, where it was found and recovered. This statement made by appellant was found to be true. The meat was discovered where appellant had said it would be found, and was recovered as a result of such statement. Article 810 Vernon's C. C. P. expressly authorizes a confession to be admitted in evidence though made while the party was under arrest if in connection with the confession accused makes statements of facts that are found to be true which conduce to establish his guilt, such as the finding of secreted or stolen property. For collation of authorities under this principle see Section 63, pages 36, 37 and 38, Branch's Anno. P. C. Appellant offered in evidence some pleas of guilty and judgment of conviction entered against one Sonny Warren, and also offered in evidence the confession of said Sonny Warren. This testimony was rejected by the lower court and exception reserved thereto. (Bill Number 5 ) The bill of exception as presented does not contain the pleas of guilt or judgments thereon, neither does it contain the confession offered. In this condition of the bill we are not in a position to review the matter. It seems to have been offered upon the theory that Warren may have committed the offense charged against appellant. As we understand the explanation to the bill the judge says positively that he does not certify that Warren's confession would show that he was the man who committed the offense charged against defendant, or that he had taken meat answering the description of the meat taken from Mrs. Hawley's smoke house; and further from the qualification we understand the court to certify that the confession of Warren did not show the commission by him of the offense charged against appellant. In Branch's Anno. P. C., Section 130, page 70, will be found this general statement. "Before testimony that some other person may have committed the offense is admissible, there must be some pertinent testimony showing that such other person was in such proximity to the offense as would make it reasonably probable that he might have been guilty of the same." Many authorities are collated supporting the foregoing proposition. The evidence in the instant case does not bring Warren in such relation to the offense as would have authorized the testimony offered, even if the bill of exception presented the matter in such a way as to authorize a review of the question.

Having found no errors in the record, the judgment of the trial court is affirmed.

*Affirmed.*