JACK WALLACE v. THE STATE.

No. 7340.    Decided March 7, 1923.

1.—Burglary—Evidence—Flight.

Where, upon trial of burglary, the State's witness testified that when he found defendant in another State, he was in the penitentiary, and it appeared from the record, the question asked the witness had for its purpose proof of flight, and was not such question as to call for an answer that defendant was in the penitentiary, and the court instructed the jury not to consider the answer. There is no reversible error. Following Campos v. State, 50 Tex. Rep., 104, and other cases.

2.—Same—Evidence—Cost Mark.

Where the record on appeal showed that the employee who put the cost mark on said goods was also a witness, and testified directly to the facts that she so marked said articles. There was no error in overruling the objection.

3.—Same—Evidence—Bill of Exceptions—Harmless Error.

Where the court's explanation to the bill of exceptions makes apparent the fact that after an objection was made at a certain point of the testimony in question, which objection was not good, the witness proceeded to answer, and that no objection was made to hearsay testimony. There is no reversible error.

4.—Same—Sufficiency of the Evidence.

Where upon trial of burglary, the evidence was sufficient to sustain the conviction, there is no reversible error.

Appeal from the District Court of Parker. Tried below before the Honorable F. O. McKinsey.

Appeal from a conviction of burglary; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State. Cited cases in the opinion.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Parker County of burglary, and his punishment fixed at four years in the penitentiary.

There are three bills of exception in the record. Appellant was arrested shortly after the alleged offense was committed. He made bond,

fled, his bond was forfeited and when he was recaptured he was in the Colorado penitentiary. The officer who brought him back from Colorado made the statement that when he found him in Colorado he was in the penitentiary. A bill of exceptions was reserved to this testimony of the officer. The bill is qualified by a statement of the court below in effect that the answer of the officer was unexpected and apparently inadvertent. The question asked had for its purpose proof of flight and was not such question as to call for an answer that appellant was in the penitentiary. The court below instructed the jury not to consider the answer. There are cases in this State holding it not erroneous to prove that the accused was confined in another State. Campos v. State, 50 Texas Crim. Rep., 104; Cabrera v. State, 56 Texas Crim. Rep., 151.

Complaint of the fact that the owner of the alleged burglarized building testified to a cost mark on certain property which was recovered, and that it was his individual cost mark but in the handwriting of one of his employes, whose duty it was to place such cost mark on new goods brought into the store, would not be subject to the objection that it was hearsay. The record shows that the employe who put the cost mark on said goods was also a witness and testified directly to the fact that she so marked said articles.

The remaining bill of exceptions presents an objection to the testimony of a witness which is hearsay but apparently harmless. The court's explanation to this bill makes apparent the fact that after an objection was made at a certain point of the testimony of the witness in question, which objection would not seem to be good, said witness proceeded to answer the question objected to and further made the statements now complained of as hearsay. The court certifies in said explanation that no objection was made to the hearsay testimony.

The evidence seems to justify the conclusion of guilt reached by the jury. It was circumstantial, but this character of proof often makes out as strong a case as can be made by direct testimony. No evidence was offered in behalf of the appellant.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*