## HERBERT R. CHASE v. THE STATE.

### No. 8114.   Decided April 30, 1924.

**1.—Burglary—Charge of Court—Sufficiency of Evidence.**

Where, upon trial of burglary, exceptions were presented to the court's charge which were not tenable, they were correctly overruled, and the evidence being sufficient there is no reversible error.

**2.—Same—Attorney at Law—Witness—Witness under Rule—Identification.**

A witness who is an attorney at law, may, under discretion of the court, be excused from the rule, and one asked as to the identification of property may do so to the best of his knowledge.

**3.—Same—Evidence—Tracks—Fitting Shoes in Tracks.**

That the shoes of appellant were taken from the jail without his consent and fitted in tracks connected with the crime which formed links in a chain of circumstances, and found to correspond with the tracks, and thus offered in evidence would not be objectionable on the ground that this compels defendant to give evidence against himself. Following: Thompson v. State, 45 Texas Crim. Rep., 192.

**4.—Same—Evidence—Principals—Comparison of Tracks.**

Where it was the theory of the State that appellant and another acted together in committing the burglary, there was no error to take the shoes of both and to introduce in evidence the results obtained by a comparison of the shoes of both with tracks found in connection with certain automobile tracks, and the finding of certain tools, etc.

**5.—Same—Evidence—Practice in Trial Court.**

Testimony of a witness who swore that he knew appellant had an old Kissel car, and about a certain time and before the burglary he sold defendant a country road Racine tire, need not be withdrawn from the jury because in cross-examination he said that he kept a record of all his tire sales.

**6.—Same—Flight—Evidence.**

As tending to show flight the officer was properly permitted to testify that several years after the commission of this offense, at the expense of the State he went to another state and brought appellant back to Texas. Following: Cabrera; 56 Texas Crim. Rep., 151.

**7.—Same—Evidence—Identification.**

There was no error in admitting testimony that the witness saw two men at a certain time and place one of whom he identified as appellant, and that the latter seemed to be uneasy and appeared to be watching; nor was it error to allow this witness to say that the car occupied by the parties was very much like the one he saw a little later, etc., and that appellant was one of the parties therein.

**8.—Same—Evidence—Moral Turpitude.**

There was no error to ask defendant's witness on cross-examination whether she had not been arrested within recent years for vagrancy involving prostitution. Following: McIntosh v. State, 91 Texas Crim. Rep., 392, and other cases.

9.—Same—Motion for New Trial—Practice in Trial Court.

A complaint in the motion for new trial of the fact that a witness gave hurtful answer to a question asked during the trial cannot be considered on appeal, in the absence of a bill of exceptions.

Appeal from the District Court of Potter. Tried below before the Honorable F. O. McKinsey.

Appeal from a conviction of burglary; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*H. R. Bishop,* and *H. D. Payne,* for appellant. On question of identification of property: Warren v. State, 106 S. W. Rep., 132; Bayles v. State, 250 id., 687.

*Tom Garrard* and *Grover C. Morris,* Assistant Attorney and *Hood & Shadle,* and *Jim L. McCall,* County Attorney, and *Fred R. Cotten,* Assistant County Attorney, for the State. On question of sufficiency of evidence: Wallace v. State, 249 S. W. Rep., 480; Crown v. State, 243 id., 1089; Mueller v. State, 215 id., 95, and cases cited in opinion.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Parker County of burglary, and his punishment fixed at seven years in the penitentiary.

This is a companion case to Wallace v. State, 249 S. W. Rep., 480.

There are several exceptions to the court's charge which have been carefully examined by us but none of them are deemed worthy of discussion. Appellant was arrested in May 1918 and gave bond for his appearance before the District Court to await the action of the grand jury. When he was indicted and the case was set down for trial appellant did not appear under that bond. The sheriff testified in the instant case that in February 1923 he went to Canyon City, Colorado, and brought appellant back to Parker county. The facts in this record are deemed amply sufficient to support the verdict and will not be discussed further than may be necessary to make clear some legal question presented.

A witness who is an attorney at law may at the discretion of the trial court be excused from the rule. One asked as to the identification of property such as jewelry may answer, and unless willing to affirm positively may not be forced to more specifically answer that to the best of his knowledge and belief said jewelry is his. He may be further examined as to his reasons for such reply and as to his means of knowledge.

That the shoes of appellant were taken from the jail without his consent and fitted in tracks connected with the crime which form links

in a chain of circumstances, and found to correspond with the tracks, and these facts were offered in evidence, would not be objectionable on the ground that this compelled him to give evidence against himself. Thompson v. State, 45 Texas, Crim. Rep., 192; Meyers v. State, 14 Texas Crim. App., 48.

It was the theory of the State that appellant and another acted together in committing the burglary in question. Various evidences of their connection and acting together were before the jury. It was not erroneous to take the shoes of both and to introduce in evidence the results obtained by comparison of the shoes of both with tracks found in connection with certain automobile tracks, and the finding of certain tools at a point not far distant from the scene of the burglary.

Testimony of a witness who swore that he knew appellant had an old Kissel car and about a certain time and before the burglary he sold appellant a country road Racine tire, need not be withdrawn because upon cross-examination this witness said that he kept a record of all his tire sales.

As tending to show flight the sheriff of Parker County was properly permitted to testify that several years after the commission of this offense, at the expense of the State of Texas he went to another State and brought appellant back to Texas. Compos v. State, 50 Texas Crim. Rep., 104; Cabrera v. State, 56 Texas Crim. Rep., 151.

John Wait testified that while on guard duty in May 1918 at a point in Arlington Heights on the Fort Worth and Weatherford road between 12 o'clock at midnight and 3 A. M. he saw two men, one of whom he identified as appellant, coming from the direction of Weatherford, stop their car under an arc light and work on their lights, He was properly permitted over objection to testify that appellant seemed uneasy and appeared to be watching. Nor was it error to allow this witness to say that the car occupied by said parties was very much like the one he saw in a certain shed in Fort Worth a little later; looked to him like the one he saw that night. We also think it permissible for the witness to say that as near as he could come at it appellant and Wallace were the men whom he saw come by that night. These objections seem to address themselves to the weight rather than to the admissibility of the testimony.

Appellant offered Mrs. Joyce as a witness. The State asked her if she had not been arrested within recent years for vagrancy. Objection was overruled. She said: "I did not know that I had been arrested for vagrancy." This manifests no error. Another bill complains that the State asked her over objection if she had not recently been arrested for being a vagrant, to-wit: a common prostitute. The objection was that the offense was not one involving moral turpitude. Her answer was that several years before, about six years before, she had been arrested and held for investigation. The court excluded

the answer. We do not perceive any error. It is permissible to ask a witness if she has not been arrested or convicted for vagrancy, to-wit: for being a common prostitute. McIntosh v. State, 91 Texas Crim. Rep., 392, 239 S. W. Rep., 622; Steele v. State, 94 Texas Crim. Rep., 345, 251 S. W. Rep., 223.

There is also a complaint in the motion for new trial of the fact that a witness gave a hurtful answer to a question asked during the trial. This is not the way to raise or present objections to the admission of testimony. The matter appears to be an answer given by a witness to a question asked by appellant's counsel. The trial court deemed the answer not responsive and at once instructed the jury not to consider it. No bill of exceptions was taken and the matter is raised for the first time in the motion for new trial. As stated, this is not the proper way to raise objections to the admission of testimony and we do not regard the matter as of that harmful nature as would justify us in violating the rules and in considering it when raised for the first time in this manner.

We have carefully considered all of the matters raised, and finding no error in the record, an affirmance will be ordered.

*Affirmed.*