FRED BELL V. THE STATE.

No. 17978. Delivered March 18, 1936.
Rehearing Denied April 22, 1936.

The opinion states the case.

*Schlofman & Merchant,* of Dalhart, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of cattle theft, and his punishment was assessed at confinement in the state penitentiary for a term of three years.

Ralph Bell, Ethel Telford, and appellant were jointly indicted and tried for theft of cattle. The jury found Ralph Bell and Ethel Telford not guilty. The testimony shows that on March 17, 1935, appellant killed a red colored yearling with a white face in W. B. Johnson's pasture; that after he had slaughtered the yearling, he went to the town of Crowell where he met his brother, Ralph, and Ethel Telford, who owned a car. He induced them to go out to where he had butchered

the calf with the car in order that he might take the meat to some place and dispose of it. Appellant alone loaded the meat into the car and the three started to Vernon, Texas. When they reached town their car ceased functioning, and while they were attempting to ascertain the trouble and repair it a deputy sheriff drove up and offered to assist them, at which time he saw they had beef in the car. He began questioning them and inquired of them where the hide was, to which they replied, that it was out at their mother's place back of the barn. All three of the parties were then arrested and placed in jail. The officers made a search of Johnson's pasture and found some blood on the ground indicating that an animal had been slaughtered there. They searched for the hide, the head, and the feet and found the head and the feet submerged in a creek. They also found some human tracks at the creek into which the appellant's shoes were fitted and according to the testimony they fitted the tracks. The appellant admitted having killed the animal in Johnson's pasture, but contended that it was one he had acquired from his brother, William. He further testified that he placed the hide on the fender and in going to Vernon he lost it. Hence the only controverted issue is whether the animal which appellant killed was his own or W. B. Johnson's. If the animal belonged to the appellant and his act in killing and taking the animal was not fraudulent, it was unnecessary for him to try to dispose of the head and legs by throwing them into the creek in an effort or endeavor to secrete the same. This was an issue which was submitted to the jury under an appropriate instruction from the court and the jury determined it adversely to the appellant's contention, and we think that the evidence supports the jury's findings.

By bill of exception number one appellant complains of the action of the trial court in permitting the State to prove by R. J. Thomas that the feet of the animal, which they found in the creek, fitted the joints of the beef found in appellant's possession. Appellant objected to this because it was an attempt on the part of the State to offer expert testimony when the witness had not qualified as an expert. We think this testimony was admissible on the same theory that a witness may testify that shoes worn by appellant were fitted into the tracks made by human beings. The objection went to the weight rather than to the admissibility of the testimony. See Meyers v. State, 14 Texas App., 48, Squires v. State, 54 S. W., 771.

By bill of exception number two appellant complains that

the State over his objection was permitted to prove by R. J. Thomas that he found a bottle of whisky near where the animal had been slaughtered. The court qualified said bill and in his qualification states that he orally instructed the jury not to consider the same for any purpose. We think the bill as qualified fails to show any reversible error.

By bills of exception numbers three and seven the appellant complains of the action of the trial court in permitting the State to prove by witness Thomas that he found the place where an animal was slaughtered, that there was blood on the ground, to which appellant objected because it was a mere conclusion of the witness. We do not so regard it. Appellant had theretofore told the witness where he killed the animal and when the witness went to the place indicated by the appellant he, the witness, found blood on the ground. Hence it is obvious that no injury could have resulted to appellant from admission of said testimony.

By bills of exception numbers four, five, and six appellant complains of the introduction in evidence of certain pieces of rope found in appellant's car at the time of his arrest. Appellant testified that he roped the calf below the tank, tied it to a tree, and then started up to the tank; that after he had gone a distance of about two hundred yards he saw that the calf had choked down; that he loped back down there and cut the rope. In view of this testimony we fail to see how appellant could have been injured by the introduction in evidence of the pieces of rope which appeared to have been cut and found in his possession.

By bills of exception eight, ten, eleven, twelve, and thirteen appellant complains of the action of the trial court in permitting the State to offer in evidence certain parts of an animal found to have been slaughtered, to which appellant objected on the ground that it had not been properly identified. We think this was a circumstance from which the jury could determine the size and the age of the animal as being of the same size and age of the one the appellant was charged with having stolen. The objection went to the weight rather than to said admissibility.

By bill of exception number fourteen appellant complains of the action of the trial court in permitting the State to prove that while appellant was confined in jail, his shoes were taken to the creek in Johnson's pasture and there fitted into the human tracks found near the bank of the creek; that the shoes fitted into said tracks and fitted perfectly. There was no

error in this under the holding of this court in the case of Guerrero v. State, 46 Texas Crim. Rep., 445; Squires v. State, 54 S. W., 771, and the authorities there cited. See also Thompson v. State, 45 Texas Crim. Rep., 190.

Finding no reversible error, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant bases his motion for rehearing especially on the questions presented in bills of exception numbers fourteen, fifteen and sixteen.

In addition to the authorities referred to in our original opinion in disposing of bill number fourteen many others will be found in Branch's Ann. Texas P. C., Sec. 142, p. 82. See also the more recent case of Chase v. State, 97 Texas Crim. Rep., 349, 261 S. W., 574.

Bill number fifteen consists of nine pages of questions and answers, much of it consisting of examinations of a witness in the jury's absence. No certificate of the trial judge is found to the effect that it was necessary for the bill to be in such form. In the absence of such certificate the bill will not be considered. See Subdivision 3, Art. 760, C. C. P., and cases annotated under Note 58 of said article in Vernon's Ann. Texas C. C. P., Vol. 3.

Bill of exception number sixteen complains at the refusal of a peremptory instruction directing a verdict of acquittal. This necessarily brings into review all the facts in evidence, which have again been examined. The issue as to ownership was pointedly raised by the testimony and submitted to the jury, the court having instructed them if they entertained a reasonable doubt as to whether the animal killed belonged to appellant, or that he reasonably believed that it was his property, he should be acquitted. The issue was settled by the jury against appellant. There is evidence in the record to support such finding. We cannot disturb the verdict without usurping the jury's right to determine issues of facts.

The motion for rehearing is overruled.

*Overruled.*