### COLEY ELLIS v. THE STATE.

No. 4031.    Decided March 17, 1909.

Rehearing Denied April 14, 1909.

**1.—Local Option—Moral Turpitude—Impeachment.**

Where upon appeal the bill of exceptions did not disclose for what offense the State's witness had been arrested to lay predicate for his impeachment, the same could not be considered.

**2.—Same—Vagrancy.**

The offense of vagrancy is not one of those violations of the law which would justify the introduction in evidence of a conviction of the witness as a matter of impeachment, upon the ground of moral turpitude.

**3.—Same—General Reputation—Want of Chastity.**

The general reputation of a witness for truth and veracity cannot be impeached by showing that the witness' general reputation for chastity was bad or that she was a prostitute. Following Carter v. State, 45 Texas Crim. Rep., 430, and other cases.

**4.—Same—Death of Trial Judge—Arrest of Judgment—Motion for New Trial.**

The death of the trial judge did not end the term of the court and where it was not shown that his successor was not appointed during the term of court allowed by law, it will be presumed that such successor was appointed within term time, in as much as he signed all the papers and acted upon defendant's motion for new trial, and there was no merit in defendant's motion in arrest of judgment on this ground.

**5.—Same—Notice of Appeal—Jurisdiction.**

Where notice of appeal was given after the death of the trial judge before his successor in office and after the overruling of the motion for new trial, there was nothing in the contention that such successor was not authorized to enter such orders; besides such contention would leave the Court of Criminal Appeals without jurisdiction.

Appeal from the County Court of Johnson. Tried below before the Hon. F. E. Adams, succeeded by the Hon. J. B. Haynes.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

*Phillips & Bledsoe,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.—Cited cases in the opinion.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for selling whisky in violation of the local option law.

1. The witness Willie Pollard was asked, on cross-examination by

appellant's counsel, the following question: "Is it not a fact that, during the past two years, you have been arrested for various offenses by the officers of Johnson County, Texas, and tried and convicted of said offenses?" The county attorney interposed objections, which were sustained by the court. Appellant's counsel stated that they expected to prove by said witness that she had been frequently arrested and convicted of various offenses during said time, and that, if said witness would not so testify, then said questions were asked for the purpose of laying a predicate for the purpose of impeaching said witness. We are of opinion that, as the bill presents the matter, there was no error in the ruling. The character of the offense for which she was arrested or convicted is not stated. There is nothing in the bill to show that the offenses mentioned were of such character as would be permissible as a matter of impeachment, and this is the purpose stated in the bill.

2. The same witness mentioned above was further asked by appellant's counsel as follows: "Is it not a fact that, during the last two years, you have been frequently arrested and charged with being a vagrant, to wit: a common prostitute, and that you have, when so arrested, pleaded guilty to such charge in the courts of the city of Cleburne and Johnson County?" The court sustained the county attorney's objection to this question, whereupon appellant's counsel stated they expected to prove that said witness had been so arrested and prosecuted, and had pleaded guilty to such charge on various occasions; and that if the witness would not so testify, then they expected by said question to lay a predicate for impeaching said witness. We are of opinion that the court's ruling was correct. The offense of vagrancy is not one of those violations of the law which would justify the introduction of a conviction as a matter of impeachment.

3. Another bill is reserved to the refusal of the court to permit appellant to prove by the witness Rogers the general reputation of Willie Pollard, in the community in which she lived, for chastity and virtue, and that it was bad. This is a similar question to that mentioned in the preceding bill of exceptions. The general reputation of a witness for truth and veracity can not be impeached by showing her general reputation for chastity is bad, or that she was a prostitute. McCray v. State, 38 Texas Crim. Rep., 609; Hall c. State, 43 Texas Crim. Rep., 479; Carter v. State, 45 Texas Crim. Rep., 430; Brittain v. State, 47 Texas Crim. Rep., 597; Woodward v. State, 42 Texas Crim. Rep., 188; 58 S. W. Rep., 135.

4. Appellant moved in arrest of judgment upon the following grounds: First. That the Hon. F. E. Adams tried the case about the 17th day of December, 1908; that he was judge of the County Court of Johnson County when the case was tried. That on or about the 25th of December, 1908, while motion for new trial was pending, Judge Adams died, and that thereafter there was no judge of the County Court of Johnson County authorized to act upon the motion

pending for a new trial, or to pass upon the motion, or to assist in preparing the necessary and proper statement of facts or bills of exception to enable defendant to appeal. This motion is signed by attorneys for appellant. There was no affidavit made and no bill of exceptions reserved verifying the matter. The matters are simply stated as grounds upon which the arrest of judgment should be sustained. The *death* of Judge Adams, it seems, was supplied by the appointment of his successor, who passed upon the questions involved and signed up the papers necessary for the appeal. We can not concur with counsel in their contention. The death of Judge Adams did not end the term of court, but held that matter in abeyance until there could be a successor appointed. It is not shown nor stated that the successor was not appointed during the term of court allowed by law or fixed by the Commissioners Court. We therefore presume the successor of the deceased judge was appointed within term time, inasmuch as he signed all the papers and acted upon the motion for a new trial. The notice of appeal itself was given while the successor of Judge Adams was upon the bench, and after the overruling of the motion for new trial. If the successor of Judge Adams was not authorized to enter orders the notice of appeal would be invalid, and the jurisdiction of this court would not attach, and this appeal would not be legal. We are of opinion that there is no merit in this position.

As the record is before us, we are of opinion that the judgment should be affirmed, and it is accordingly so ordered.

*Affirmed.*

[Rehearing denied April 14, 1909.—Reporter.]

