JAKE WILLIS v. THE STATE.

No. 3136.   Decided May 20, 1914.

**1.—Assault to Murder—Sufficiency of the Evidence.**

Where, upon trial of assault with intent to murder, the evidence was sufficient to sustain the conviction, there was no error.

**2.—Same—Evidence—Bills of Exception.**

Where the bill did not show what answer the witness would have given, the same could not be reviewed on appeal; besides, the testimony admitted was not questioned.

**3.—Same—Evidence—General Reputation.**

Where the bill of exceptions did not point out the matter objected to, and the testimony admitted on the general reputation of prosecuting witness and the defendant was harmless, there was no reversible error.

**4.—Same—Evidence—Credibility of Witness.**

Where, upon trial of assault to murder, the court admitted evidence as to all the fights the prosecuting witness was engaged in and also his testimony as to carrying a pistol, the question as to how many times he had paid fines for fighting was immaterial.

**5.—Same—Evidence—Impeaching Witness.**

Where defendant sought to impeach one of State's witnesses on cross-examination, there was no error in excluding testimony whether he had not run

off with someone else's wife, in the absence of an indictment or complaint against him; besides, the bill of exception was defective.

**6.—Same—Argument of Counsel.**

    In the absence of a bill of exceptions or other objection in the record, to show that the district attorney used the alleged argument, the same can not be considered on appeal.

Appeal from the District Court of Cherokee. Tried below before the Hon. L. D. Guinn.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

- No brief on file for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of assault to murder, and prosecutes this appeal from such conviction.

It is useless to recite the testimony, for the testimony is ample to support the conviction, and unless errors are pointed out in the bills of exception the judgment should be affirmed. No complaint was made of the charge of the court at the time it was given, and none is presented in the motion for new trial.

In one bill it is contended the court erred in sustaining an objection to the following question: "Didn't Mr. Thompson warn you and tell you that you had better quit drinking or you would get in trouble that day?" The bill does not show what answer the witness would have given, and later Mr. Thompson was permitted to testify he did so tell appellant, which fact was not questioned by the State.

J. H. Thompson had testified that the reputation of the prosecuting witness Johnson was not so good for peace, and he also knew appellant's, and that it was better than Johnson's; that the reputation of neither one in that respect was anything to brag on. On cross-examination the witness was asked, as testing the basis of his opinion in the matter, whether a man who had been guilty of misdemeanors, or one who had shot another in the back, was entitled to the best reputation as a peaceable and law-abiding citizen, when he answered that the one who shot the other in the back would have the worst reputation of the two. The connection in which this testimony was elicited is not stated in the bill, but merely the question and answer given, and it is not presented in a way we would be authorized to pass thereon, for we would be unable to determine by the bill alone whether or not it presented error, and if we turn to the statement of facts and read the entire testimony of this witness, certainly no harmful error is presented by the bill.

The prosecuting witness was asked while on the stand if he did not pay a fine or work on the county road for carrying a pistol. The court at the time it excluded the testimony said it might later become admissible,

and during the trial he did later admit testimony that Johnson on the occasion inquired about was unlawfully carrying a pistol. He was also asked how many times he had paid fines for fighting. It was immaterial as to how many times he had paid fines, as the court admitted evidence as to all fights the witness had engaged in which were inquired about.

Cal Clayton was a witness for the State, and on cross-examination he was asked if he had not run off with Jess Horne's wife. The answer expected to be elicited is not stated in the bill, and it is therefore incomplete, but if the bill was in shape to be considered, the court committed no error in sustaining the objection. It was not proposed to be proven that he had ever been indicted for such act, or that any complaint had ever been filed against him.

The only other complaint in the record is that the court erred in failing to give a special charge requested by appellant instructing the jury not to consider certain alleged remarks of the district attorney. The fact that the district attorney made any such remarks is not verified by any bill of exceptions, nor shown by the record in any way.

The judgment is affirmed.

*Affirmed.*