## W. P. Steele v. The State.

### No. 6512.   Decided November 8, 1922.

### Rehearing Denied May 9, 1923.

#### 1.—Vagrancy—Recognizance—New Recognizance.

Where it was impossible in the condition of the records before this court to know whether any proper recognizance was entered upon the minutes of the court below, the appeal must be dismissed; however, where it was afterwards satisfactorily shown that appellant had executed the proper recognizance, the case is reinstated upon its merits.

#### 2.—Same—Former Jeopardy—Bill of Exceptions.

Where the bill of exceptions complaining of the refusal of the court to submit his plea of former jeopardy, is in no way validated or approved by the court below, the same cannot be considered on appeal.

#### 3.—Same—Declaration of Third Party.

Where the declaration was of a third party made in the presence and the hearing of the defendant, and was of a nature criminating to him and of such character as to call for a denial on his part, failure to make which would render the statement so made admissible, there is no reversible error.

#### 4.—Same—Evidence—Res Gestae.

Where one of the counts of the information charged defendant with being a vagrant in that he consorted with prostitues, her statements in defendant's presence and hearing at a time when he was found with her in a room alone at night was in the nature of *res gestae*, and was admissible in evidence.

#### 5.—Same—Evidence—Moral Turpitude—Former Arrests—Rule Stated.

It has been held that a conviction for vagrancy is inadmissible for purposes of impeachment because the offense does not involve moral turpitude, this rule has been modified, however, to the extent that if it be shown that the vagrancy conviction or arrest was for that form of vagrancy consisting of being a common prostitute or inmate of a house of prostitution it will be held to involve moral turpitude, and is admissible in evidence; however, the testimony offered was not of this nature, and inadmissible.

Appeal from the County Court of Tarrant.   Tried below before the Honorable P. W. Seward.

Appeal from a conviction of vagrancy; penalty, a fine of one hundred dollars.

The opinion states the case.

*Mays & Mays*, for appellant.   On question of declaration of third party, Bradshaw v. State, 155 S. W. Rep., 218; Kemper v. State, 138 id., 1025; on question of former arrests for vagrancy, Ellis v. State, 117 S. W. Rep., 978.

*R. G. Storey*, Assistant Attorney General for the State.

HAWKINS, JUDGE.—Conviction is for vagrancy with punishment fixed at $100 fine.

The transcript before us totally fails to set out a recognizance. The only reference thereto is made immediately following the order overruling the motion for new trial and is in these words, "recognizance of defendant entered into the sum of $300 with W. P. Steele as principal and W. L. Hurst and B. O. McGee as sureties."

We are unable to tell from the transcript whether this is a part of the order, or simply a notation by the clerk who prepared the transcript. Article 918, C. C. P. provides:

"When the defendant appeals in any case of misdemeanor from the judgment of the district or county court, he shall, if he be in custody, be committed to jail, unless he enter into recognizance to appear as hereinafter required; and, if he be not in custody, his notice of appeal shall have no effect whatever, until he enter into recognizance."

Construing the foregoing article the opinions of this court have established that if appellant does not enter into recognizance (or appeal bond now permitted under Article 919, C. C. P.) he must be committed to jail pending his appeal. The record on appeal must show a sufficient recognizance or that appellant is in jail, otherwise the appeal will be dismissed. For cases collated see authorities under Article 918, supra. In the condition of the record before us it is impossible for us to know whether any proper recognizance was entered upon the minutes of the court, or whether the only entry with reference thereto consists of the quotation heretofore given.

It, therefore, becomes necessary to dismiss the appeal, and it is accordingly ordered.

*Dismissed.*

ON MOTION TO REINSTATE APPEAL.

May 9, 1923.

LATTIMORE, JUDGE.—It being now shown to us satisfactorily that appellant had executed a proper recognizance for appeal, the order of dismissal heretofore entered will be set aside and the case now considered upon its merits.

There appears in the record a plea of former jeopardy, and what purports to be appellant's bill of exceptions No. 1 complains of the refusal of the trial court to sustain said plea, or to submit it to the jury. The bill of exceptions complaining of this action on the part of the learned trial judge is in no way validated or approved by the court below, and in such condition we must decline to consider the point thus attempted to be raised.

The witness Royston testified that he went to the house where he found appellant and that the latter was in a room with a woman;

that he asked appellant a lot of questions and then arrested him. Witness was asked by the State relative to some statements made by the woman in the presence and hearing of appellant, to which objection was made solely upon the ground that same was immaterial, irrelevant, prejudicial and hearsay. Objection on none of these grounds was tenable. The declaration was of a third party but made in the presence and hearing of the accused and was of a nature criminating to him and of such character as to call for a denial on his part, failure to make which would render the statement so made of weight in the minds of the jury. One of the counts of the information charged appellant with being a vagrant in that he consorted with prostitutes, etc. It was claimed by the State that said woman was a prostitute. Her statement made in his presence and hearing at a time when appellant was found with her in a room alone at night would seem to be in the nature of res gestae, and thus admissible also on this ground.

Appellant's third and fourth bills of exception complain of the fact that he having been asked when a witness in his own behalf if he had not been arrested and had not paid twenty-five or thirty fines within the last two years for vagrancy under assumed names, to which question he replied in the negative, that the State was permitted to place upon the stand an officer who was asked how many times he had arrested the appellant or known of his arrest for vagrancy to which he had pleaded guilty and paid fines under an assumed name, and that over the objection that said offenses inquired about did not involve moral turpitude, said officer was permitted to testify that he had arrested him or been in company with others who arrested appellant on three or four occasions, and that he had pleaded guilty to vagrancy under an assumed name. Many cases are cited in Sec. 169 of Mr. Branch's Annotated P. C., asserting the proposition that neither the defendant nor any other witness can be legally impeached by proof that he was arrested for, charged with or convicted of a misdemeanor violation, unless such misdemeanor involve or impute moral turpitude. In Ellis v. State, 56 Texas Crim. Rep. 15,   117 S. W. Rep., 978, and Neyland v. State, 79 Texas Crim. Rep. 652,  187 S. W. Rep. 196, this court held that a conviction for vagrancy was inadmissible for purposes of impeachment because the offense did not involve moral turpitude. In McIntosh v. State, 91 Texas Crim. Rep., 392, 239 S. W. Rep. 622, the rule thus broadly stated is modified to the extent of holding that if it be shown that the vagrancy conviction or arrest was for that form of vagrancy consisting of being a common prostitute or inmate of a house of prostitution, it will be held to involve moral turpitude. The rule laid down in the McIntosh case, supra, does not hold good as to vagrancy convictions dependent upon proof of other things than prostitution. Examining the impeaching testimony of the officer in the matter now before us, it is not made to appear that the vagrancy to which appellant pleaded guilty, as asserted by the officer, could be admissible as impeaching

testimony. It could not be held admissible upon the ordinary ground that one may be shown unworthy of belief, whether a predicate has been laid for it or not, by proving that he has been convicted of a felony or a misdemeanor involving moral turpitude; nor could it be admissible for impeachment based on a contradictory statement of a witness, it being the well settled rule that a witness may not be contradicted upon an immaterial matter. Unless the matter involved in the predicate laid for impeachment, is of some materiality itself, he witness could not be impeached by proof of the fact denied. The learned trial judge in this case fell into error in permitting the introduction of the testimony under discussion. We are unable to say that the error was not of a character prejudicial. For such error the judgment will be reversed and the cause remanded.

*Reversed and remanded.*