## STEELE v. STATE. (No. 6612.)

(Court of Criminal Appeals of Texas.  Nov. 8, 1922.  Appeal Reinstated May 9, 1923.)

**1. Criminal law ⚖⊐1087(1)—Appeal from misdemeanor conviction dismissed unless record shows sufficient recognizance or that appellant is in jail.**

If one appealing from a misdemeanor conviction does not enter into a recognizance under Code Cr. Proc. 1911, art. 918, or an appeal bond, as permitted by article 919, he must be committed to jail pending his appeal, which will be dismissed unless the record shows a sufficient recognizance or that he is in jail.

**2. Criminal law ⚖⊐1087(1)—Appeal from misdemeanor conviction dismissed where transcript does not show whether proper recognizance was entered on court's minutes.**

Where the only reference to a recognizance in the transcript, on appeal from a misdemeanor conviction, follows the order overruling a motion for new trial in such manner as to make it impossible to tell whether it was entered on the court's minutes as part of the order or is simply a notation by the clerk who prepared the transcript, the appeal must be dismissed.

### On Motion to Reinstate Appeal.

**3. Criminal law ⚖⊐1092(11)—Error complained of by bill of exceptions not validated or approved by trial court not considered.**

A matter complained of in a bill of exceptions, not validated or approved by the court below, cannot be considered on appeal.

**4. Criminal law ⚖⊐407(2)—Criminating statements by third party in defendant's presence when arrested held admissible.**

In a vagrancy prosecution, a criminating statement, in defendant's presence and hearing, by a woman with whom he was found in a room when arrested, *held* admissible, as calling for a denial, failure to make which rendered it of weight in the jury's minds.

**5. Criminal law ⚖⊐368(1)—Statements by alleged prostitute in defendant's presence held admissible as res gestæ in vagrancy prosecution.**

In a prosecution for vagrancy by consorting with prostitutes, a criminating statement, in defendant's presence and hearing, by an alleged prostitute, with whom he was found in a room alone at night when arrested, *held* admissible as in the nature of res gestæ.

**6. Witnesses ⚖⊐337(6)—Testimony as to prior arrests and convictions on vagrancy charges held inadmissible for impeachment purposes.**

In a vagrancy prosecution, a police officer's testimony that he had arrested, or accompanied

---

others who arrested, defendant on three or four occasions, and that defendant had pleaded guilty to vagrancy under an assumed name, *held* inadmissible to impeach defendant's testimony denying such facts, in the absence of proof that such arrests and convictions were for vagrancy by being a prostitute or inmate of a house of prostitution; the offenses testified to not involving moral turpitude.

**7. Witnesses ⏺413—Officer's testimony, in answer to question as to number of times he had arrested defendant for vagrancy, etc., held inadmissible for impeachment purposes.**

In a vagrancy prosecution, a police officer's testimony, in answer to a question as to how many times he had arrested defendant or known of his arrest for vagrancy, to which he had pleaded guilty, and paid fines under an assumed name, *held* inadmissible to impeach defendant's testimony denying such facts; the matter involved in the predicate laid being of no materiality.

**8. Witnesses ⏺413—Cannot be contradicted on immaterial matter.**

A witness may not be contradicted on an immaterial matter.

Appeal from Tarrant County Court at Law; P. W. Seward, Judge.

W. P. Steele was convicted of vagrancy, and he appeals. Reversed and remanded.

Mays & Mays, of Fort Worth, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Conviction is for vagrancy with punishment fixed at $100 fine.

The transcript before us totally fails to set out a recognizance. The only reference thereto is made immediately ·following the order overruling the motion for new trial, and is in these words:

"Recognizance of defendant entered into in the sum of $300 with W. P. Steele as principal and W. L. Hurst and B. O. McGee as sureties."

We are unable to tell from the transcript whether this is a part of the order, or simply a notation by the clerk who prepared the transcript. Article 918, C. C. P., provides:

"When the defendant appeals in any case of misdemeanor from the judgment of the district or county court, he shall if he be in custody, be committed to jail, unless he enter into recognizance to appear as hereinafter required; and, if he be not in custody, his notice of appeal shall have no effect whatever, until he enter into recognizance."

[1, 2] Construing the foregoing article, the opinions of this court have established that, if appellant does not enter into recognizance (or appeal bond now permitted under article 919, C. C. P.), he must be committed to jail

pending his appeal. The record on appeal must show a sufficient recognizance or that appellant is in jail; otherwise the appeal will be dismissed. For cases collated see authorities under article 918, supra. In the condition of the record before us it is impossible for us to know whether any proper recognizance was entered upon the minutes of the court, or whether the only entry with reference thereto consists of the quotation heretofore given.

It therefore becomes necessary to dismiss the appeal, and it is accordingly ordered.

### On Motion to Reinstate Appeal.

LATTIMORE, J. It being now shown to us satisfactorily that appellant had executed a proper recognizance for appeal, the order of dismissal heretofore entered will be set aside, and the case now considered upon its merits.

[3] There appears in the record a plea of former jeopardy, and what purports to be appellant's bill of exceptions No. 1 complains of the refusal of the trial court to sustain said plea, or to submit to the jury. The bill of exceptions complaining of this action on the part of the learned trial judge is in no way validated or approved by the court below, and in such condition we must decline to consider the point thus attempted to be raised.

[4] The witness Royston testified that he went to the house where he found appellant, and that the latter was in a room with a woman; that he asked appellant a lot ·of questions and then arrested him. Witness was asked by the state relative to some statements made by the woman in the presence and hearing of appellant, to which objection was made solely upon the ground that same was immaterial, irrelevant, prejudicial, and hearsay. Objection on none of these grounds was tenable. The declaration was of a third party, but made in the presence and hearing of the accused, and was of a nature criminating to him and of such character as to call for a denial on his part, failure to make which would render the statement so made of weight in the minds of the jury.

[5] One of the counts of the information charged appellant with being a vagrant in that he consorted with prostitutes, etc. It was claimed by the state that said woman was a prostitute. Her statement made in his presence and hearing at a time when appellant was found with her in a room alone at night would seem to be in the nature of res gestæ, and thus admissible also on this ground.

[6-8] Appellant's third and fourth bills of exception complain of the fact that, he having been asked when a witness in his own behalf if he had not been arrested and had

---

⏺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

not paid 25 or 30 fines within the last two years for vagrancy under assumed names, to which question he replied in the negative, the state was permitted to place upon the stand an officer who was asked how many times he had arrested the appellant or known of his arrest for vagrancy to which he had pleaded guilty and paid fines under an assumed name, and that, over the objection that said offenses inquired about did not involve moral turpitude, said officer was permitted to testify that he had arrested him or been in company with others who arrested appellant on three or four occasions, and that he had pleaded guilty to vagrancy under an assumed name. Many cases are cited in section 169 of Mr. Branch's Annotated P. C. asserting the proposition that neither the defendant nor any other witness can be legally impeached by proof that he was arrested for, charged with, or convicted of a misdemeanor violation, unless such misdemeanor involve or impute moral turpitude. In Ellis v. State, 56 Tex. Cr. R. 15, 117 S. W. 978, 133 Am. St. Rep. 953, and Neyland v. State, 79 Tex. Cr. R. 652, 187 S. W. 196, this court held that a conviction for vagrancy was inadmissible for purposes of impeachment because the offense did not involve moral turpitude. In McIntosh v. State, 91 Tex. Cr. R. 392, 239 S. W. 622, the rule thus broadly stated is modified to the extent of holding that, if it be shown that the vagrancy conviction or arrest was for that form of vagrancy consisting of being a common prostitute or inmate of a house of prostitution, it will be held to involve moral turpitude. The rule laid down in the McIntosh Case, supra, does not hold good as to vagrancy convictions dependent upon proof of other things than prostitution. Examining the impeaching testimony of the officer in the matter now before us, it is not made to appear that the vagrancy to which appellant pleaded guilty, as asserted by the officer, could be admissible as impeaching testimony. It could not be held admissible upon the ordinary ground that one may be shown unworthy of belief, whether a predicate has been laid for it or not, by proving that he has been convicted of a felony or a misdemeanor involving moral turpitude; nor could it be admissible for impeachment based on a contradictory statement of a witness, it being the well-settled rule that a witness may not be contradicted upon an immaterial matter. Unless the matter involved in the predicate laid for impeachment is of some materiality itself, the witness could not be impeached by proof of the facts denied. The learned trial judge in this case fell into error in permitting the introduction of the testimony under discussion. We are unable to say that the error was not of a character prejudicial. For such error, the judgment will be reversed, and the cause remanded.