## C. W. SPEARS V. THE STATE.

No. 21428. Delivered February 5, 1941.
On Motion to Reinstate Appeal March 19, 1941.

The opinion states the case.

*Barnes & McElroy,* of Terrell, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The conviction is for a misdemeanor; the punishment, a fine of $100.00.

This court is without jurisdiction to pass upon the merits of the case owing to the fact that the appeal bond fails to state that appellant has been convicted of a misdemeanor. It merely shows that appellant "stands charged with the offense of prescribing more than one pint of whisky to one person in one day." See Wright v. State, 35 S. W. (2d) 413.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION TO RE-INSTATE APPEAL.

GRAVES, Judge.

The record having been perfected, the appeal is reinstated and the case considered on its merits.

Appellant, who was a physician, was convicted of prescribing more than one pint of whisky to one person in one day. An inspector of the Liquor Control Board testified that appellant wrote two prescriptions for him for one pint of whisky each and that he procured the whisky from the drugstore in which appellant worked.

Appellant admitted that he wrote a prescription for one pint of whisky but denied that he wrote a second prescription.

Appellant was required to testify over his objection on cross-examination that he had been convicted of vagrancy growing out of habitual association with common prostitutes. The objection to such testimony was that the offenses for which he had been convicted did not involve moral turpitude. We are unable to agree with this contention. It was held in McIntosh v. State, 239 S. W. 622, that a female witness might be asked,

as affecting her credibility, if she had not been convicted of being a vagrant, to-wit, a common prostitute, overruling to the contrary Neyland v. State, 187 S. W. 196, and Ellis v. State, 117 S. W. 978. It has also been held that, as affecting her credit, a female witness may be asked if she is not a common prostitute. See cases cited in Yeager v. State, 256 S. W. 914. In the Yeager case it was held proper for Yeager to elicit from the prosecuting witness that in connection with a saloon he (the prosecuting witness) had other property which he rented to prostitutes. In that case, in referring to the rule that a female witness might be asked if she was not a common prostitute, Judge Hawkins, speaking for the court, used language as follows:

"As we understand it this latter character of cross-examination is permissible, not upon the ground that isolated acts of immoral conduct may be shown to impeach a witness, for proof of such isolated acts is inhibited, but upon the ground that the history, occupation, etc., of a witness are always legitimate subjects of investigation. Underhill's Cr. Evidence (3d Ed.) sec. 387. If it can be shown by cross-examination of the female witness that she is engaged in a business or occupation odious and disgraceful in itself to be considered in determining to what extent she is worthy of credit, by the same process of reasoning then it occurs to us that a male witness could be asked upon cross-examination if at a time not too remote he was engaged in the business or occupation of knowingly renting to prostitutes his property in which to ply their vocation."

In view of the fact that a female witness may be asked, as affecting her credibility, if she has not been convicted of being a vagrant, "to-wit, a common prostitute," we perceive no valid reason for holding that a male witness cannot be asked upon cross-examination, as affecting his credibility, if at a time not too remote he had been convicted of being a vagrant on a charge of habitually associating with common prostitutes.

In bill of exceptions No. 3 it is shown that counsel for the State elicited from appellant on cross-examination that he paid a fine on the 29th of January, 1938, on his plea of guilty to the offense of vagrancy "on account of commonly associating with a common prostitute." Immediately after eliciting such testimony from the appellant, counsel for the State asked appellant if he did not likewise on the same day pay the fine of the negro woman who was with him and who was involved in the vagrancy charge. Appellant objected to the question and the

objection was sustained, and it appears from the court's qualification to the bill that no request was made of the trial court to instruct the jury to disregard the question.

It is demonstrated above that the testimony relative to the plea of guilty, based on an association with common prostitutes, was admissible as being an offense involving moral turpitude; then we are faced with the proposition that on account of the fact that there was an intimation in such objectionable question that such a prostitute was a negro, that such offered question, although not answered, was the cause of appellant's conviction herein. In order to give credence to such theory, it would be necessary to give no credence to the witness Williams and his positive testimony as to the two sales on the one day, and to find no benefit in the testimony showing two sales of a pint of whisky each time on the same day, as well as the partially evasive testimony of the appellant as to his many other prescriptions on that same day as the ones here in question. That a conviction for his association with prostitutes was admissible, whether white or black, is granted, we think, to now be settled law, and the mere mention of the fact of propounding the question to him, as follows: "You likewise on the same date paid the fine of the woman that was with you then, a negro?"— an objection thereto being sustained, and which question was never answered,—seems to us to be harmless error, if error at all. Relative to the effect of the asking of such question upon the verdict of the jury, it was either the cause of the jury finding a verdict or it was harmless because of the fact that the jury gave appellant the lowest penalty provided for by law for the offense charged. We are loath to say that a jury of this State would so far forget their duty as to convict a person charged with a crime because of an intimation that such person had paid the fine of a negro woman prostitute. To the contrary, there are present herein facts upon which the jury could predicate their verdict of guilt, and if the negro woman episode entered into their verdict, then it fails to manifest itself therein because of the fact that appellant was awarded the lowest penalty provided by law.

If error was manifest by said bill, which we do not assert, we think the same was harmless, and especially in view of the trial court's prompt instruction to disregard the same.

No error appearing in the record, the judgment is affirmed.