## J. D. Hyman v. State.

No. 25,751. April 16, 1952.
Rehearing Denied May 21, 1952.
Appellant's Second Motion for Rehearing Denied (Without
Written Opinion) June 18, 1952.

Hon. E. E. Jordan, Judge Presiding.

*Cooper & Finney,* Amarillo, for appellant.

*John Peterson,* County Attorney, and *J. M. Kolander,* Assistant County Attorney, Amarillo, and *George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was convicted for the sale of gin in a wet area without a permit and given a fine of $200.00 and 6 months in jail.

A liquor control agent testified that he went to a hotel and approached appellant on the early afternoon of Sunday, August 26th, and purchased a half-pint of gin, for which he paid $2.50. On the trial of the case he identified appellant as being the person from whom he purchased the gin. The bottle was marked and brought into court as an exhibit.

The complaint charges a previous conviction for a similar offense on January 26th, 1944. This was proved by the records of the county court and appellant was identified by another witness as being the party who was convicted in the previous offense.

The appellant testified in his own behalf denying the sale and detailing at length a conversation with the prosecuting witness the following day, in which it appears that he was attempting to raise a defense that the officers were trying to involve a drug store. The sum and substance of this evidence amounts to nothing more than that the witness denied the sale. He admits the prior conviction upon his plea of guilty.

Appellant's Bill of Exception No. 1 complains of a question asked the defendant on cross-examiantion as to whether or not he had been a frequent witness, for the past several years, testifying in behalf of colored boys in their defense that they had caught the wrong man, or as to an alibi. He was forced to answer the question over his objection and stated that he did not know what the prosecuting attorney was talking about. To this the attorney replied: "Oh, yes you do. You know that you have been here testifying in behalf of other defendants either that he was not the right man or that he was not in town when the offense was committed, don't you?" The objection to this was overruled and the witness answered: "I still do not know what you are talking about."

In his brief appellant contends that this line of questioning was prejudicial and inflammatory. In view of the answer given we find no occasion for inflammatory results.

Bill of Exception No. 2 complains of the argument of the county attorney in the following language: "I am not representing the State of Texas in this case, nor am I representing Potter County, I am representing you in this case, this is your case, you are the wards of this Court just like I am a ward of this Court, and it is up to you to enforce this law, and I am asking you, in view of the Defendant's testimony that he owns houses all over the town and other property, to assess the kind and character of punishment in this case that will deter him and all these cab drivers and porters who are selling liquor without a permit from selling liquor. In view of the property that Defendant testified that he has, a fine may not accomplish this and I would like to see you put him up here in this jail-house during the Christmas holidays and for months thereafter so as to deter the Defendant and these cab drivers and niggar porters from selling liquor without a permit. The Legislature of this State has adopted this law for the purpose of supervising and knowing what kind and character of persons sell liquor, and what kind and character of liquor is sold, and this Defendant and these people who sell without a permit will sell to your children and my children and to anybody any kind of liquor at any price."

The objection made to this argument was that it was inflammatory and prejudicial and not based on the record. In approving the bill the court declined to certify that the remarks were not based on the record.

This bill is fatally defective in that it is not shown that the argument was not made in reply to argument made by appellant's counsel and that it was not invited by such argument.

Other matters were presented in oral argument not found in any bill of exception and they were based upon propositions of law which we cannot sustain. We find no reversible error and the judgment of the trial court is affirmed.

ON MOTION FOR REHEARING.

MORRISON, Judge.

In our original opinion herein, we held that, since the ques-

tions shown in Bill of Exception No. 1 were answered as they were, no error was shown. We remain convinced that we were correct in such holding.

In Jones v. State, 112 Tex. Cr. R. 625, 17 S. W. (2d) 1059, a liquor law violation case, a witness was asked:

"You said you drink and I ask you if it isn't a fact that you don't want to see anybody who sells whisky and retails it, if you don't want to see him stay here instead of going to the penitentiary?"

The witness answered:

"No sir, I believe in the law and the enforcement of it and if they violate it I want to see it enforced."

Judge Lattimore, in writing on the bill of exception to the above question and answer, said:

"On cross-examination the state's attorney was permitted to ask said witnesses questions which, if answered affirmatively, would have shown said witnesses to be in sympathy with the liquor traffic, and to have been men who would aid persons engaged in such traffic to escape punishment. It is well settled in this state that the motives which operate upon the mind of a witness when he testifies are never regarded as immaterial or collateral, and that great latitude is allowed in cross-examination when its purpose is to draw out facts which will give to the jury the attitude, motive, and the animus which may be affecting the testimony of such witness. The cases so holding are too numerous to mention."

Appellant has taken us rather severely to task for having held his Bill of Exception No. 2 fatally defective. This bill related to the argument of counsel. It failed to contain a recitation that the argument complained of was not in reply nor invited by argument of appellant's counsel.

The reason for the rule is best expressed in Branch's Ann. P. C., Sec. 207, where it is said:

"The legal presumption is that the ruling of the trial court was correct, unless the Bill of Exceptions shows otherwise."

"A Bill of Exceptions should be made so full and certain in its statements as that, in and of itself, it will disclose all that is necessary to manifest the supposed error."

438

In 4 Tex. Juris., Sec. 263, p. 396, we find the following:

"The bill must show as a matter of fact that the argument complained of was not in reply to that of appellant's counsel * * *."

In Tex. Digest, Crim, Law 1091(8)e, "Negativing provocation of remarks," we find 32 recent cases in which we held bills of exception to argument deficient because they failed to state that the remark was not provoked or invited by argument of defense counsel.

We are not inclined to depart from the above well-established rule, which we feel is based upon reason.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.