Allen D. THERRELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 27562.

Court of Criminal Appeals of Texas.

April 20, 1955.

On Motion for Rehearing June 1, 1955.

C. S. Farmer, Waco, for appellant.

John R. Lee, Dist. Atty., Kermit, H. D. Glover, County Atty., Pecos, Leon Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The appeal is from a conviction for aggravated assault; the punishment, two years in jail.

The record contains no recognizance or bond on appeal, and there is no showing that appellant is confined in jail.

A notation from the court's docket suggesting that a recognizance may have been entered into is not sufficient. Steele v. State, 94 Tex.Cr.R. 345, 251 S.W. 222.

■ In the absence of a bond or recognizance substantially in the form prescribed by Art. 831, C.C.P., and there being no showing that the defendant is confined in jail, we are without jurisdiction to enter any order other than to dismiss the appeal. Skinner v. State, Tex.Cr.App., 252 S.W.2d 167.

The appeal is dismissed.

On Motion for Rehearing

MORRISON, Presiding Judge.

The appeal was dismissed at a former day of the term on account of a defective recognizance. The defect has been cured by a proper appeal bond, and the appeal will be reinstated and now considered on its merits.

In view of our disposition of this cause, a recitation of the facts will not be deemed necessary.

Bill of exception No. 1 certifies that the appellant moved the court for an instructed verdict of not guilty, which motion was by the court overruled. The bill continues with the following certificate: "The Court erred in overruling the defendant's motion of 'not guilty' because all the evidence on the part of the State and of the defendant was, and is, insufficient to convict the defendant as charged * * *."

The question arises as to whether this Court is bound by the above certificate of error.

■ If there was before us a statement of facts which we were entitled under the law to consider, we would not be bound by any such conclusion on the part of the trial court, but would examine the statement of

facts and make our own decision. Hanna v. State, Tex.Cr.App., 259 S.W.2d 570.

■ The statement of facts before us was filed in the trial court after the expiration of 90 days following the giving of the notice of appeal. Widener v. State, Tex. Cr.App., 262 S.W.2d 400, would authorize this Court to consider the statement of facts even though filed too late if the delay had been due to some disagreement between counsel. It bears the approval of the special judge who was appointed to try the case, who in his order approving the same recited that "the defendant and his attorney have both failed to file a statement of facts, which has been agreed to by both the defendant and the State, within the time allowed by law; the foregoing statement of facts in cause No. 3645 on the docket of the County Court of Reeves County, Texas, styled State of Texas v. Allen D. Therrell, has been caused to be prepared at the instance and under the direction of the Special Judge of said Court for the trial of this cause."

Section E of Article 759a, Vernon's Ann. C.C.P., reads as follows:

"If the Statement of Facts is agreed to by the defendant or his counsel, and the attorney representing the state, it need not be approved by the court. If the parties cannot agree on a Statement of Facts within seventy-five (75) days after giving of notice of appeal, the trial judge shall prepare and certify to a Statement of Facts."

It must be noted from the approval of the judge set forth above that it fails to recite that the State and the accused were unable to agree upon the same.

It is because of such failure that this case must be reversed.

■ Such a holding may work an injustice in this case, but we cannot authorize a trial judge to file a statement of facts after the expiration of the 90 days provided by law without a showing that the parties have been unable to agree upon the same.

It was clearly not the intent of the Legislature to authorize any such procedure.

■ If the evidence was not sufficient to warrant the conviction, the trial judge should have set the conviction aside. He should never have approved a bill of exception which certified that there was insufficient evidence to support the conviction.

■ In the absence of a statement of facts which we might consider and from which we might learn the contrary, we must necessarily accept the court's certificate.

It is hoped that such a deplorable situation will not be presented to this Court again soon.

Appellant's motion for rehearing is granted; the order of dismissal is set aside; and the judgment is now reversed and remanded.