WILLIAM BAIRD V. STATE

No. 27,843. January 11, 1956.

Appellant's Motion for Rehearing Denied February 29, 1956.

Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) March 28, 1956.

*Sam L. Harrison,* San Antonio, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for driving while intoxicated; the punishment, 60 days in jail and a fine of $100.00.

At the outset, we are confronted with a purported statement of facts appearing in the record which was filed in the trial court, but does not contain the approval of the trial judge or the attorneys representing the state and the appellant, and certain formal bills of exception which do not bear the signature and approval of the trial court.

Under the provisions of Art. 759a, V.A.C.C.P., a statement of facts must be agreed to by counsel for both parties, or approved by the trial judge in order to be considered by this court on appeal. Braun v. State, 158 Tex. Cr. R. 394, 257 S. W. (2d) 708; Nee v. State, 274 S. W. (2d) 396. Nor will this court consider the formal bills of exception appearing in the record which are not approved by the trial court. Rutherford v. State, 142 Tex. Cr. R. 440, 154 S. W. (2d) 478; Arispe v. State, 151 Tex. Cr. R. 362, 208 S. W. (2d) 557.

There appears in the record a certificate of the trial judge certifying to certain facts relating to the preparation, approval and filing of the statement of facts and bills of exception.

Under the record and the court's certificate, it is shown that appellant gave notice of appeal on May 9, 1955, and had 90 days from such date within which to prepare and file the statement of facts and bills of exception; that on July 30, 1955, appellant's counsel requested the court reporter to prepare a statement of facts. The trial judge certifies that on August 1, 1955, he opened the August-September term of court and then went on his annual leave of absence or vacation for the month of August; that on August 3rd, while he was on vacation, appellant's counsel advised him that the bills of exception would be presented when the statement of facts was received, and that at such time he informed appellant's counsel that he planned to depart from

the state on August 4, 1955, and that he had also informed counsel on several occasions during the month of July that he would leave on vacation on or about August 1st; that on August 4th, after the court had departed the state on his annual vacation, appellant's counsel presented the statement of facts to the criminal district attorney, who refused to agree to the same; that on such date appellant's counsel then filed the unapproved statement of facts, together with the bills of exception, with the county clerk, who immediately forwarded them to this court; that on September 6th the trial judge reconvened court, and on September 8th, appellant's counsel requested that the bills of exception and statement of facts, which were filed on August 4th, be approved, and upon inquiry, the trial judge was advised by the clerk that all the papers had been filed in the court of criminal appeals.

We conclude that under the facts as certified, it is not shown that appellant has been deprived of a statement of facts or bills of exception through no fault of his own or of his counsel so as to require a reversal of the case.

Under the facts, it is shown that appellant's counsel delayed for 82 days after giving notice of appeal to request the court reporter to prepare a statement of facts. It is further shown that, although he had been advised on several occasions during the month of July that the court was leaving on vacation on or about August 1st, he waited until July 30th to order the statement of facts. Such delay, under the circumstances, shows that appellant's counsel failed to use due diligence to secure the statement of facts and present the same, together with the bills of exception, to the trial judge for his approval. In the absence of a showing of due diligence, appellant is not entitled to a reversal of the case because of his inability to secure the trial court's approval of the statement of facts and bills of exception appearing in the record. See 4 Tex. Jur. p. 450, sec. 312, and cases cited thereunder.

The proceedings appear regular and no reversible error has been perceived. Therefore, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

Appellant complains of the original opinion both because he construes its language as a reprimand of appellant's counsel and as depriving him of the statutory right to 90 days' time in which to file a statement of facts.

We disclaim any intent to reprimand counsel, but remain convinced that appellant is not entitled to a reversal of his conviction upon the ground that he was deprived of a statement of facts because he has not shown due diligence on the part of himself and his counsel to secure same. We also remain convinced that the statement of facts in the record which is neither agreed to by counsel for the state nor approved by the trial judge cannot be considered.

In asserting that the statute without qualification granted him 90 days after notice of appeal in which to file a statement of facts, appellant appears to have overlooked that portion of Art. 759a V.A.C.C.P. which provides: "If the parties cannot agree on a statement of facts within 75 days after giving of notice of appeal, the trial judge shall prepare and certify to a statement of facts."

We call attention to the decisions of this court to the effect that the 90 days allowed for filing a statement of facts has no application to a statement of facts certified by the trial judge after the parties had been unable to agree. Widner v. State, 159 Tex. Cr. Rep. 256, ·262 S.W. 2d 400; Therrell v. State, 161 Tex. Cr. Rep. 617, 279 S.W. 2d 879; Davis v. State, (page 22, this volume), 280 S.W. 2d 747.

Appellant's motion for rehearing is overruled.