Joe Henry DONLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 29267.

Court of Criminal Appeals of Texas.

Dec. 11, 1957.

On Motion for Rehearing March 5, 1958.

568

Jones, Herring & Jones, by Perry L. Jones, M. N. Garcia, Austin, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for perjury; the punishment, ten years in the penitentiary.

■ The statement of facts accompanying the record was filed in the trial court and bears the approval of the attorneys for the state. Neither the appellant nor his counsel, nor the trial court has approved the statement of facts.

Art. 759a, Vernon's Ann.C.C.P., provides that a statement of facts must be agreed to by the appellant or his counsel and the attorney representing the state or approved by the trial judge in order to be considered by this court on appeal. Baird v. State, 162 Tex.Cr.R. 589, 288 S.W.2d 67; Hubert v. State, Tex.Cr.App., 299 S.W.2d 293.

The record contains several formal bills of exception.

■ These bills within themselves do not show error because they do not disclose all that is necessary to support the claimed error therein. 4 Tex.Juris., p. 295, Sec. 207; 1 Branch, 2d Ed., p. 262, Sec. 229; Hyman v. State, 157 Tex.Cr.R. 434, 249 S.W.2d 224. Apparently the appellant recognizes the insufficiency of his formal bills to show error because in his brief he presents each claimed error by referring to both his formal and informal bill.

■ Under this record, and in the absence of a statement of facts which can be considered, we are not in position to pass upon questions pertaining to the court's charge, admissibility of evidence, and the sufficiency of the evidence. Williams v. State, Tex.Cr.App., 297 S.W.2d 169.

The indictment, as well as all other matters of procedure, appears regular; therefore, nothing is presented here for review.

The judgment is affirmed.

Opinion approved by the court.

On Appellant's Motion for Rehearing

WOODLEY, Judge.

■ Since both the State and the appellant seek dismissal of this appeal, it will be dismissed.

We express no opinion at this time on the question of whether, prior to the filing of the transcript on appeal, a trial court is divested of all jurisdiction when the term expires during which notice of appeal was entered without the judgment rendered and sentence pronounced having been entered by the clerk on the court's minutes. Authorities are abundant that when this Court acquires jurisdiction, upon the filing of the transcript on appeal, the trial court loses jurisdiction, though the jurisdiction of the Court of Criminal Appeals is limited to dismissing the appeal for want of a judgment or sentence. Cases cited by appellant to this effect are: Hughes v. State, 160 Tex.Cr.R. 114, 267 S.W.2d 836; LeBove v. State, 146 Tex. Cr.R. 157, 172 S.W.2d 342; Lutz v. State, 146 Tex.Cr.R. 158, 172 S.W.2d 342.

Whether the provisions of Art. 772, C. C.P. require that a transcript be prepared and the appeal dismissed before the judgment and sentence timely rendered and pronounced but not entered may be entered nunc pro tunc, the defendant agreeing or requesting, or failing to object, is not here decided.

Appellant's motion for rehearing is granted and the appeal is dismissed.