## GLOVER v. ALBRECHT, District Clerk, et al.

(Court of Civil Appeals of Texas. El Paso. Oct. 16, 1912.)

APPEAL AND ERROR (§ 801*) — MOTIONS TO DISMISS—QUESTIONS CONSIDERED.

After a judgment for plaintiff and the granting of a new trial on defendant's motion, plaintiff petitioned for mandamus to compel the district clerk to issue execution on his judgment claiming that the new trial was improperly granted. The petition was dismissed on demurrer, and the new trial thereafter had. *Held,* it not being claimed that the statutory requirements relative to proceedings in error had not been complied with, that the question whether plaintiff by participating in the new trial waived his right to review the judgment in the mandamus proceeding was one going to the merits of the appeal, and not to the jurisdiction of the Court of Civil Appeals, and hence was not proper for determination on a motion to dismiss the appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3161–3164, 3166; Dec. Dig. § 801.*]

Error to District Court, Harris County; W. M. Masterson, Judge.

Petition for mandamus by W. J. Glover against Henry Albrecht, district clerk of Harris county, and others. Judgment was entered sustaining a demurrer to the petition, and petitioner brings error. On motion to dismiss. Overruled.

Gibson, Fenn & Wander, of Houston, for plaintiff in error. Andrews, Ball & Streetman, A. L. Jackson, and McDonald Meachum, all of Houston, for defendants in error.

PETICOLAS, C. J. On April 19, 1911, in the Fifty-Fifth district court of Harris county, Tex., Will J. Glover recovered a judgment of $7,500 against the Houston Belt & Terminal Railway Company. The cause was tried before J. A. Reed, special judge, who had been duly elected and qualified on the 6th day of March, 1911. The day after the judgment, to wit, April 20, 1911, the Houston Belt & Terminal Railway Company filed its motion for a new trial. On April 23, 1911, the regular district judge, W. P. Hamblen, died, and the said J. A. Reed continued to act as special judge. On April 26th the defendant Houston Belt & Terminal Railway Company filed its amended motion for a new trial. On April 28, 1911, William Masterson, who had been appointed as judge of the Fifty-Fifth district court to succeed W. P. Hamblen, qualified as such judge. On April 29th the motion for new trial of the Houston Belt & Terminal Railway Company was granted by J. A. Reed, special judge; the plaintiff W. J. Glover protesting against the granting of said new trial. Both J. A. Reed, the special judge, and William Masterson, the appointed regular judge, signed the minutes of said court at the expiration of the

term. The attorneys for the plaintiff in the case mentioned applied to Henry Albrecht, the district clerk, for an execution on said judgment, and, he refusing same, on July 7, 1911, filed in the Fifty-Fifth district court a petition for mandamus. On September 19, 1911, the defendants to said mandamus suit having answered, the district court of the Fifty-Fifth district sustained a general demurrer to the petition for mandamus, and, on the plaintiff refusing to amend, judgment was entered in favor of defendants in said mandamus suit. Plaintiff duly excepted and gave notice of appeal. No appeal was perfected in the mandamus case, but, instead, on December 11, 1911, the case of Glover against the Houston Belt & Terminal Railway Company was called for trial. The defendants made application for continuance, which the attorneys for the plaintiff opposed, and upon said second trial of said cause it resulted in a verdict for the defendants. The plaintiff Glover filed his motion for a new trial in said cause, which was overruled on December 22, 1911, and plaintiff duly excepted and gave notice of appeal. The plaintiff in the Glover Case then had prepared a statement of facts in said case which was presented to and approved by William Masterson, judge of the Ffty-Fifth district court, and filed. After the motion for new trial in the Glover Case had been overruled, Glover filed his petition for writ of error to review the action of the trial court in sustaining the general demurrer in the mandamus case, thereafter filed his assignments of error in said mandamus proceedings, and had a transcript covering the proceedings in the mandamus suit prepared, which was filed in this court June 3, 1912.

The defendants in error in this cause contend that by the second trial of his personal injury case Glover waived any rights to appeal from the judgment rendered in the mandamus proceedings, and that, having elected to proceed to trial the second time with his personal injury case, he acquiesced in the order of the court granting said new trial in the personal injury case, and that he is estopped to appeal from the judgment rendered in the said mandamus proceedings; and on these contentions they move this court to dismiss the writ of error to the mandamus proceedings. We think the matters alleged go rather to the merits of the appeal, and that we are not authorized to consider them as grounds for dismissing the appeal. It is our understanding that the statute having prescribed certain proceedings which being complied with will bring a case by appeal from an inferior to an appellate court, and there being no contention that the material matters required by the statute were not complied with, this court has jurisdiction of the writ of error, and that the matters alleged as grounds for dis-

missing the writ of error affect the question of whether or not the mandamus should or should not have been granted, but do not affect the jurisdiction of this court to entertain the writ of error. Therefore the motion is in all things overruled, and as a corollary the plaintiff in error's motion for oral argument on this motion is also overruled.