GLOVER v. ALBRECHT, Clerk of Court, et al. (No. 6741.)

(Court of Civil Appeals of Texas. Galveston. Jan. 14, 1915. Rehearing Denied Feb. 4, 1915.)

1. COURTS &65—SPECIAL JUDGE—DURATION OF TERM—DEATH OF REGULAR JUDGE.

Where a special judge was selected in the absence of the regular judge, as authorized by Rev. St. 1911, art. 1678, the enactment of which was authorized by Const. art. 5, § 7, empowering the Legislature to provide for the holding of district courts when the judge is absent or from any cause disabled or disqualified, the death of the regular judge during the term did not end the term, but the special judge might thereafter grant a new trial in a cause tried at that term.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 230, 246; Dec. Dig. &65.]

2. JUDGES &14—SPECIAL JUDGE—APPOINTMENT.

Under Const. art. 5, § 7, empowering the Legislature to provide for the holding of district courts when the judge is absent or from any cause disabled or disqualified, the Legislature could not provide for the appointment of a special judge to hold term when the regular judge dies before or during the term and before any special judge has been appointed.

[Ed. Note.—For other cases, see Judges, Cent. Dig. § 47; Dec. Dig. &14.]

3. JUDGES &25—SPECIAL JUDGE—POWERS—DEATH OF REGULAR JUDGE.

A special judge does not derive authority in any way from the regular judge, so that the rule that the death of the donor of a power destroys the power does not apply to deprive a special judge of power to act after the death of the regular judge.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 99–106; Dec. Dig. &25.]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Mandamus by W. J. Glover against Henry Albrecht, Clerk of the District Court of Harris County, and another. Judgment for the defendants, and plaintiff appeals. Affirmed.

See, also, 156 S. W. 586.

Gibson & Wander, of Houston, for appellant. Andrews, Streetman, Burns & Logue, of Houston, for appellees.

PLEASANTS, C. J. This is a suit for mandamus, brought by appellant against the appellee Albrecht, clerk of the district court of Harris county, and the Houston Belt & Terminal Railway Company, to compel the issuance of an execution upon a judgment for $7,500 in favor of appellant against said railway company, rendered by the district court for the Fifty-Fifth judicial district on April 19, 1911.

No issue of fact is presented by the record. The following statement, upon which appellant bases his claim to have an execution issued upon the judgment before described, is copied from appellee's brief and is fully sustained by the record:

"The regular March term, 1911, of the Fifty-Fifth judicial district court of Harris county, Tex., convened on March 6, 1911. Thereupon, it being made known that W. P. Hamblen, the regular district judge of said court, was absent and unable to be present, J. A. Read was duly elected special judge for said term of court, receiving a majority of the votes of the practicing attorneys of Harris county, and the said Read on the same day qualified as special judge of said court.

"On April 19, 1911, in that certain suit entitled W. J. Glover v. Houston Belt & Terminal Railway Company, No. 50189, pending in the Fifty-Fifth district court of Harris county, Tex., tried before J. A. Read, special judge, same being a suit for personal injuries by the plaintiff, Glover, against the defendant the terminal company, judgment was rendered in favor of the plaintiff, Glover, and against the defendant the terminal company, in the sum of $7,500. On the following day, to wit, April 20, 1911, the defendant the terminal company filed its motion for new trial in said personal injury suit No. 50189, entitled Glover v. Houston Belt & Terminal Railway Company.

"W. P. Hamblen, the regular district judge of the Fifty-Fifth district court of Harris county, Tex., died on April 23, 1911. On April 26, 1911, the defendant Houston Belt & Terminal Railway Company, in the personal injury suit of Glover v. Houston Belt & Terminal Railway Company, filed its amended motion for a new trial therein; leave to file said amended motion having been granted by Read, special judge. The order of the court authorizing and permitting the filing of said amended motion for new trial is shown in volume 12, p. 160, of the minutes of the Fifty-Fifth district court for the March term, 1911.

"On April 29, 1911, said amended motion for new trial of Houston Belt & Terminal Railway Company in the personal injury suit of Glover v. Houston Belt & Terminal Railway Company, No. 50189, was in all things granted by the court; said order of the court granting said new trial being shown in the minutes of the Fifty-Fifth district court for the March term, 1911, in volume 12, p. 163. The order granting the motion for new trial of the terminal company shows that said motion came on for hearing on April 28, 1911, and was granted on April 29, 1911. In other words, the court held said motion under advisement for one day.

"On April 28, 1911, during the March term of the Fifty-Fifth district court of Harris county, the Governor of Texas appointed William Masterson judge of said court to succeed the deceased, Judge Hamblen, and on the same date, at 10 o'clock a. m., Masterson qualified as judge of said court by taking the oath of office.

"It was agreed that it was the custom of all of the district courts and district judges of Harris county, Tex., to sign the minutes of said term of court upon the last day of the term, or upon the day when the term is adjourned.

"Exhibit A of the statement of facts, covering two pages and following page 153 of the statement of facts, shows various orders and proceedings had before Judge Read as special judge after the death of Hamblen, the regular judge, on April 23, 1911, down to the adjournment of said term of court on April 29, 1911.

"Volume 12, p. 170, of the minutes of the Fifty-Fifth district court of Harris county, Tex., for the March term, 1911, were signed in open court by J. A. Read, special judge, and by William Masterson, the regular appointed judge of said court as successor of the deceased Judge Hamblen, on April 29, 1911. It was agreed upon the trial of this case that the 6th day of March, 1911, was the first Monday in March, 1911."

Upon the first trial of this cause, the court below sustained a general demurrer to plaintiff's petition, and, plaintiff declining to amend, his suit was dismissed. Plaintiff appealed from that judgment, and the Court of Civil Appeals for the Eighth District reversed the judgment and remanded the cause for trial. The opinion of the court on that appeal will be found in 149 S. W. 1192. Upon the second trial, from which this appeal is prosecuted, the cause was heard by the court upon the facts without the intervention of a jury, and judgment was rendered in favor of defendants.

[1] Appellant's case is based upon the proposition that the death of Judge Hamblen ended the term of the court and the authority of Judge Read as special judge, and therefore the order of Judge Read granting the motion for new trial was void because made after the term of the court had expired, and also because made by a judge whose authority to act as judge of said court had terminated.

We cannot agree with appellant in his contention that Judge Hamblen's death ended the term of the court or the authority of Judge Read to further act as judge in said cause. Section 7 of article 5 of the Constitution of this state provides:

"The Legislature shall have power, by general or special laws, to authorize the holding of special terms of the court, or the holding of more than two terms in any county for the dispatch of business. The Legislature shall also provide for the holding of district court when the judge thereof is absent, or is from any cause disabled or disqualified from presiding."

Acting under this constitutional mandate, the Legislature passed the act which is now article 1678 of the Revised Statutes of 1911, which reads as follows:

"Whenever, on the day appointed for a term of the district court, or at any time before the expiration of the term, or the completion of all the business of the court, the judge thereof shall be absent, or shall be unable or unwilling to hold the court, there shall thereby be no failure of the term, and no failure to proceed with the business of the court; but the practicing lawyers of such court present thereat may proceed to elect from their number a special judge of said court, who shall proceed to hold said court and conduct the business thereof, and shall have all the power and authority of the judge of said court, during such continued absence or inability, and until the completion of any business begun before such special judge."

Statutes have also been passed fixing the time and duration of the terms of the district courts for the various judicial districts in this state.

The March term of the district court for the Fifty-Fifth judicial district, as fixed by the statute, did not expire until the beginning of the May term on the first Monday in May. It has been said by our Supreme Court that:

"When a court is organized and opened for a regular term, the term continues until it is ended by order of final adjournment, or until the efflux of the time fixed by law for its continuance." Labadie v. Dean, 47 Tex. 100.

This is unquestionably the general rule, and we can see no reason for holding that the term of a court organized and opened for a regular term by a special judge duly appointed in the manner prescribed by the statute must end upon the death of the regular judge; but, on the contrary, every consideration of public welfare is subserved by allowing the court as organized to continue in session until the end of the term as fixed by law, unless the business begun by it is disposed of before that time. This construction of the statute in no way conflicts with the provisions of the Constitution before quoted.

[2, 3] It may be conceded that appellant's contention that this provision of the Constitution would not authorize the Legislature to pass an act providing for the appointment of a special judge to hold a term of court, when the regular judge dies before the beginning of the term or dies during the term and before a special judge has been appointed. The Constitution provides that a vacancy in the office of judge shall be filled by appointment by the Governor, and only authorizes the appointment of a special judge when the regular judge is "absent," "disabled," or "disqualified." We do not think any of the above terms should be construed to embrace a vacancy caused by the death of the regular judge, and the Legislature has not authorized the appointment of a special judge in such case. It does not follow from this, however, that, when a special judge has been duly appointed in the circumstances contemplated by the Constitution and statutes, his authority to complete the business he had begun and was appointed to transact should cease upon the death of the regular judge. The power given the Legislature to appoint a special judge in case of the absence, disability, or disqualification of the regular judge is incomplete and inadequate to affect the purpose of the grant, unless it embraces the power to authorize the special judge to complete the business begun by him, and we think such power goes by necessary implication with the power expressly given. The special judge in no sense derives his power or authority from the regular judge, and the general principle that the death of the donor of a power destroys the power or authority of the donee has no application. While this identical question has not been before our courts, we think the conclusion above expressed finds support in the following authorities: Ellis v. State, 56 Tex. Cr. R. 14, 117 S. W. 978, 133 Am. St. Rep. 953; Edwards v. James, 13 Tex. 53; Harris v. Musgrave, 72 Tex. 20, 9 S. W. 90; Montgomery v. Viers, 130 Ky. 694, 114 S. W. 251; Franklin v. Vandervort, 50 W. Va. 412, 40 S. E. 375.

It follows, from the views above expressed, that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.