J. A. Ward and E. L. Myers, both of Mt. Pleasant, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The offense is murder; punishment, death.

In the motion to quash the indictment it is charged that, in the selection of the grand jury who found the indictment against the appellant, there was discrimination against him because of his race; he being a negro. The motion consists of an averment only and constitutes a mere pleading. So far as the record here reveals, it is unsupported by any character of evidence. The burden rested upon the appellant to prove that in the selection of the grand jury there was discrimination against 'his race. See Briscoe v. State, 106 Tex. Cr. R. 478, on motion for rehearing, page 482, 293 S. W. 573, 574, and authorities cited. See also Branch's Ann. Tex. P. C. § 586.

The motion to quash the special venire upon like ground as that to quash the indictment was overruled, and touching that the remarks above made have application.

The deceased, Rosa Ella Wilborn, was the wife of the appellant. From the appellant's confession, it appears that he and his wife had quarreled about the mortgage of some property. He left home, and after an absence of two days went to his house at night. He observed his wife sitting in the room, and after waiting about half an hour for the children to go to bed, he went to a window about six feet from his wife. Using a shotgun loaded with buckshot, he shot her. She did not die at once, but made a dying declaration confirmatory of the circumstances of the shooting; that is to say, that she was standing in her house and was about to put the baby to bed when she was fired upon from the window. Some two days before she was shot, she and her husband had had a quarrel about a mortgage that he had placed upon their property; that he left home, and she had not seen him up to the time of the shooting. There was other corroborative testimony which, with the appellant's confession, is deemed sufficient to meet the law's demand requiring proof of death of the deceased by violence through the criminal agency of the appellant. See Aven v. State, 95 Tex. Cr. R. 155, 253 S. W. 521; Bennett v. State, 95 Tex. Cr. R. 426, 254 S. W. 949; Kugadt v. State, 38 Tex. Cr. R. 694, 44 S. W. 989; Banks v. State, 85 Tex. Cr. R. 166, 211 S. W. 217, 5 A. L. R. 600; Dyer v. State, 96 Tex. Cr. R. 301, 257 S. W. 902.

The judgment is affirmed.

## McKENZIE v. STATE. (No. 11575.)

Court of Criminal Appeals of Texas. Jan. 16, 1929.

For former opinion, see 11 S.W.(2d) 172.

Nowlin Randolph and A. S. West, both of San Antonio, for appellant.

Lamar Seeligson, Dist. Atty., and Temple Calhoun, Asst. Dist. Atty., both of San Antonio, and A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Appellant presents his request for leave to file second motion for rehearing, setting up two grounds which have not been advanced, and therefore have not been passed upon by this court hitherto. The special term of court at which he was tried was specifically called by the regular district judge of the Ninety-Fourth judicial district to convene on July 11, 1927, and to close on September 17, 1927, and his contention is that the special judge who sat in his case was without power to enter an order, which appears to have been in fact made, extending said special term from September 17th to such time as this case then on trial should be concluded, and that all acts of said special judge after September 17, 1927, were void.

We do not agree with this contention. Conceding that said special judge was duly and legally selected, and that he qualified, and properly began the trial of appellant, it would seem impossible to hold otherwise than that he was the "judge presiding" in said case, when it became obvious that the case could not be concluded by September 17th, and when there arose a necessity for making the order extending the term of the court. Article 1923 of our 1925 Revised Civil Statutes pointedly provides that in such case "the judge presiding" shall have power, and may, if he deems it expedient, extend the term of said court until the conclusion of such pending trial. If the Legislature had intended that such extending order should be made by the regular judge of such court, they could easily have so stated, instead of saying, as they did, that such order should be made by "the judge presiding." A special judge may preside at a special term. Texas Cent. Ry. Co. v. Bender, 32 Tex. Civ. App. 568, 75 S. W. 561; De Arman v. State, 80 Tex. Cr. R. 147, 189 S. W. 145. The death of the regular judge during the term held by a special judge does not end the term of court. Glover v. Albrecht (Tex. Civ. App.) 173 S. W. 504.

 We see nothing in the other point raised by appellant, viz., that the trial was had in the Thirty-Seventh district courtroom, instead of holding same in the room where the Ninety-Fourth district court was ordinarily held. If such sanctity attached to a room, there would be a sad situation if repairs were necessary, or a new courthouse ordered, or if authorities having the building in charge should deem it proper to move courts from one room to another. Atwood v. State, 96 Tex. Cr. R. 249, 257 S. W. 563.

The request for leave to file second motion for rehearing will be denied.