**TEXAS MUT. LIFE INS. ASS'N v. LASTER.**
No. 4434.

Court of Civil Appeals of Texas. Texarkana. Feb. 22, 1934.

Bartlett, Harvey & Bartlett, of Linden, for appellant.

Carney & Carney, of Atlanta, for appellee.

SELLERS, Justice.

This is a suit by Mrs. Era S. Laster, as plaintiff, against the Texas Mutual Life Insurance Association, defendant, in which the plaintiff seeks to recover upon a certain policy of insurance issued by the defendant upon the life of Mrs. Vonnie Betts for the sum of $5,000, Mrs. Era S. Laster being the daughter of the insured and the beneficiary named in the policy. The case was tried before a jury and resulted in a verdict and judgment for the plaintiff. The defendant has appealed to this court.

The assignments of error will not be considered for the reason that there is no valid judgment appearing in the record. The clerk's caption to the transcript is as follows:

"The State of Texas, County of Cass.

"In the District Court of Cass County, Texas, September Term, A. D. 1932.

"At a regular term of the District Court, begun and holden within and for the County of Cass, at Linden, Texas, on the 5th day of September, A. D. 1932, and which was adjourned on the 22nd day of October, A. D. 1932, the Honorable Walter G. Russell, Judge of the 7th Judicial District of Texas, present and presiding, when the following cause came on for trial to-wit:

"No. 10,172.

"Mrs. Era S. Laster, Plaintiff, v. Texas Mutual Life Insurance Association, Defendant."

The judgment entered from which the appeal is taken was dated November 22, 1932, and the order overruling appellant's motion for new trial was dated November 30, 1932. In this state of the record it clearly appears that the judgment in this case was rendered by the court and the order overruling the motion for new trial which contains the notice of appeal essential to give this court juris-

diction was overruled and both the judgment and the order were entered in the minutes by the clerk after the adjournment of the term of court at which the case was tried, and for this reason the judgment and the order overruling the motion for new trial were a nullity. Sinclair Refining Co. et al. v. McElree (Tex. Civ. App.) 52 S.W.(2d) 679.

■ There is contained in the transcript this order:

"No. 10,172.

"Era S. Laster v. Texas Mutual Life Insurance Association.

"In the District Court of Cass County, Texas, September Term, A. D. 1932.

"On this the 20th day of October, A. D. 1932, prior to the time for the expiration of the September Term, 1932, of this Court having arrived, and the Court being in the midst of the trial of this cause, in that a motion for judgment is pending and cannot be disposed of within the regular term, the Court deeming it expedient and necessary to extend the term of said Court until the conclusion of the said trial and the disposition of said cause, the said term is accordingly extended until the disposition of the motion for judgment pending in this cause.

"Geo. W. Johnson, Judge."

It is quite evident from the record that the judge presiding on the trial of this case was the Honorable Walter G. Russell, judge of the Seventh judicial district, and not the Honorable Geo. W. Johnson who was the regularly elected judge for the Fifth judicial district, who signed the above order. The power to extend the regular term of a district court in order to complete the trial of a particular case is contained in article 1923 of the Revised Civil Statutes, and provides:

"Whenever a district court shall be in the midst of the trial of a cause when the time for the expiration of the term of said court arrives, the judge presiding shall have the power and may, if he deems it expedient, extend the term of said court until the conclusion of such pending trial. The extension of such term shall be shown in the minutes of the court before they are signed. If the term is extended as herein provided, no term of court in any other county shall fail because thereof, but the term of court therein may be opened and held as provided by law when the district judge fails to appear at the opening of a term of court."

The Legislature in enacting this statute has used language very clear and definite in providing in whom the power is lodged to extend the term of the district court for the purpose of completing a pending trial. Such power is in "the judge presiding," meaning the judge before whom the cause is tried. The judge presiding in this case was Hon. Walter G. Russell, judge of the Seventh judicial district, and not the regular judge of the Fifth judicial district who entered the order extending the time. As stated by Judge Lattimore of the Court of Criminal Appeals in construing this statute in the case of McKenzie v. State, 12 S.W.(2d) 578, 579:

"If the Legislature had intended that such extending order should be made by the regular judge of such court, they could easily have so stated, instead of saying, as they did, that such order should be made by 'the judge presiding.'"

The extending order being a nullity for lack of power on the part of the judge entering it to grant the order, the regular term of the court expired on October 22, 1932, before the judgment appealed from was rendered and the judgment and order appealed from were rendered and entered at a time not authorized by law.

The judgment appealed from being a nullity, it becomes our duty to reverse the judgment and remand the cause, 3 Texas Jur. § 65, p. 130, and it is so ordered.