## HAMILTON et al. v. EMPIRE GAS & FUEL CO. et al.

### No. 4610.

Court of Civil Appeals of Texas. Texarkana.
May 23, 1935.

Rehearing Denied June 6, 1935.

A. D. Dyess and Joel W. Cook, both of Houston, for appellants.

Joe S. Brown, of Houston, Turner, Rodgers & Winn, of Dallas, H. J. Patterson, of Bartlesville, Okl., Phillips, Trammell, Chizum, Estes & Edwards, of Fort Worth, W. H. Sanford, of Longview, W. B. Harrell, of Dallas, Angus G. Wynne and Edwin Lacy, both of Longview, M. C. McGehee, Jr., of Houston, J. N. Townsend and Eugene DeBogory, both of Dallas, E. A. Martin, of Marshall, Chas. Morgan, of Fort Worth, Richard B. Shults and O. A. Staples, both of Dallas, Geo. Prendergast, of Marshall, McCartney & McCartney, of Tyler, Bramlette & Meredith and G. K. Gilbert, all of Longview, W. T. Church, of Tyler, Saye, Smead & Saye, of Longview, McGown & McGown, of Fort Worth, Harrell & Kerr, of Ada, Okl., and James R. Curtis, of Longview, for appellees.

SELLERS, Justice.

This is an appeal from a judgment entered in the 124th district court from Gregg county wherein J. G. Hamilton and others are plaintiffs and Empire Gas & Fuel Company and a great number of others are defendants. The action is one in trespass to try title, and involves the title to the 320-acre John Tate survey located on the south bank of Sabine river in Gregg county. There was a jury finding that defendants had title by both the five and the ten-year statutes of limitation, and the court entered judgment accordingly. From this judgment, plaintiffs have appealed to this court.

Appellees have filed motions asking that this appeal be dismissed for want of jurisdiction in that there was no notice of appeal given at the term of court at which this case was tried, and the appeal bond was not filed within the time allowed by law. These contentions are based upon the theory that the regular term of the 124th district court of Gregg county was not le-

gally extended to include June 24, 1933, the date on which the motion for new trial was heard and determined and notice of appeal given, the appeal bond having been filed within the statutory time after the overruling of the motion for new trial.

The act creating the 124th judicial district court of Gregg county fixes the terms of said court as follows: "The terms of the Court of the said 124th Judicial District Court of Gregg County, Texas, shall be held in Gregg County, Texas, each year as follows: On the first Monday in January, March, May, July, September and November of each year and each term of said Court shall continue in session until and including the Saturday before the next succeeding term begins. * * *" Acts 1931, 1st Called Sess., c. 23.

The district covers but one county, and under the above provision of the act creating the said district it will be noted that each term may continue until the next succeeding term, and it will be further observed that a new term of the court follows immediately the closing of a term when such regular term continues for the full time provided for by the statute.

Trial of the above case was heard at the March term, 1933, of said court which convened on March 6, 1933, and continued in session until April 29, 1933, same being the last day of its regular term as fixed by the act creating said court. It appears from the record that Judge Reuben A. Hall, judge of the 71st judicial district, presided at the trial of this cause in the 124th judicial district at the request of the Honorable Will C. Hurst, the regular judge of the 124th judicial district, and pursuant to article 1916, R. S. of Texas. It further appears that Judge Hurst was present and trying other cases in the 124th judicial district during the time Judge Hall was trying this case. On April 20, 1933, the jury returned their verdict in this case, and on April 29th, the last day of the regular term, Judge Hall heard the motions for judgment and entered judgment for the defendants for title to the land involved. Although Judge Hall was present and presiding at the trial of this cause on the last day of the regular term of the 124th judicial district court, he made no order with reference to an extension of the term of said court for the purpose of completing the trial of this case.

On April 22, 1933, the following order was entered by Judge Will C. Hurst, the regular judge of the 124th district court:

"J. G. Hamilton et al. v. Empire Gas & Fuel Co. et al.

"In the 124th Judicial District Court, Gregg County, Tex.

"It appearing to this court that this term of this court is about to expire, and it appearing that in this cause that there will be numerous motions herein that cannot be heard and acted upon before the end of the term in view of the most voluminous record herein, and it appearing that the Judge who tried this case will be constantly engaged in the trial of causes in the district court of Harrison county, Tex., until after the end of this term, it is deemed necessary to extend this term until such time as all matters relating hereto can be disposed of.

"It is therefore ordered, adjudged and decreed that the present term be, and the same is hereby extended until such time as all matters relating hereto can be disposed of and be determined.

"Will C. Hurst, Judge.

"Filed April 12th, 1933."

It is contended that this order had the effect of extending the regular term of the 124th district court for the purpose of completing this trial. We cannot sustain this contention. This court has passed upon this question twice before, and on each occasion it was held that article 1923, R. S. 1925, authorized only the judge presiding at the trial of the case for which the extension of the term is desired to extend such term. Texas Mutual Life Ass'n v. Laster (Tex. Civ. App.) 69 S.W.(2d) 496; Clayton v. Jobe et al. (Tex. Civ. App.) 71 S.W.(2d) 911, writ of error refused; McKenzie v. State (Tex. Cr. App.) 12 S. W.(2d) 578. The record discloses that Judge Hall was presiding at the trial of this case on the last day of the March term of said court, and the effect of the statute is to commit to his discretion the necessity for an extension of the regular term for the purpose of completing the trial of this case, and if he deemed it advisable, the statute makes it his duty to extend the term, even though such extension overlaps into another regular term of the same court in the same county (Cory v. Richardson (Tex. Civ. App.) 191 S. W. 568); but, so far as this record discloses, he never undertook to exercise such power. The

language of the statute is plain, and, to our mind, is capable of no other construction than that placed upon it by this court and the Court of Criminal Appeals in the cases cited.

The record discloses another order entered by the Honorable Will C. Hurst on April 29, 1933, which is as follows:
"The State of Texas, County of Gregg

"It being deemed advisable by Will C. Hurst, Judge of the 124th District Court in and for Gregg county, Tex., on this, the 29th day of April, A. D. 1933, that the present term of said court, same being the March Term A. D. 1933, be extended until such time as all motions for new trial and other unfinished business be disposed of;

"It is therefore considered and ordered that said March Term, A. D. 1933, be and the same is hereby extended until all unfinished business arising at said term of court be finally disposed of.
"Will C. Hurst,
"Judge, 124th Judicial District Court of Texas.
"Filed: April 29, 1933."

We are unable to find any statutory authority for such an order. It is an undertaking on the part of the regular judge of the 124th judicial district to extend the regular term of his court for the purpose of passing upon all motions for new trial and disposing of unfinished business. We are cited to section 6, article 200a, of Vernon's Ann. Civ. St. as authority for such order. This statute provides: "Sec. 6. It shall be the duty of any district judge of any district within the Administrative District to extend the regular terms of his court * * * when necessary to carry out the purposes of this Act and dispose of pending litigation. If the term be extended as herein provided no other term of the court in such district shall fail because of said extension, but such other terms may be opened and held as usual."

This article when applicable authorizes the regular judge of a district court to extend a regular term of his court "when necessary to carry out the purposes of this Act and dispose of pending litigation." It would seem that the purposes of this act are to utilize idle district judges in district courts with congested dockets and thereby dispose of pending litigation, and this certainly would include any business of the court which could have been disposed of at the regular term sought to be extended. Therefore an extension of the term of court under this statute would extend the term for the purpose of disposing of any business of the court which could have been transacted at the regular term. It is clear that Judge Hurst did not undertake to exercise the power conferred upon the regular judge of a district court by this article. That is, an extension of the term generally for the purpose of disposing of pending litigation, but his order was intended to extend the term only for the purpose of passing upon "all motions for new trial and other unfinished business," and, in our opinion, section 6, article 200a, authorizes no such extension.

But there is another reason why section 6, article 200a, is not applicable to the 124th district court. It will be observed that this article authorizes the regular judge to extend the term of his court only "when necessary to carry out the purposes of this Act and dispose of pending litigation." The question then arises, Was there a necessity for the extension of this term of court in order to carry out the purposes of this act? We think not. The regular term of this court closed by operation of law on Saturday, April 29, 1933, and a new term of the same court convened by operation of law on the following Monday, and all the pending litigation was subject to trial and disposition at the new term and all visiting judges present were available for the new term without any delay whatever, therefore we are of the opinion there was no necessity for the extension of the regular term of the court to accomplish either of the purposes for which the statute was enacted, and without a necessity for such extension the regular judge of the 124th district was without the power to extend such term.

Still another reason why section 6 of article 200a, above quoted, should not be construed as applicable to the 124th district court because so construed it would violate the general rule laid down in 15 C. J. § 236, page 885, as follows: "* * * But a court having regular terms and in which all cases are continued from one term to another in regular succession has no power to adjourn to a time beyond the commencement of another regular term of the same court in the same county, where both terms are of the same character."

It is our opinion that the regular term of the 124th district court at which this case was tried was never legally extended, and for that reason no notice of appeal essential to this court's jurisdiction was given at the term of court at which the trial was had, and no appeal bond was filed within the time allowed by law. Therefore this court is without jurisdiction of this case, and it will be dismissed.

We deem it advisable to state, however, that if the case had been before us on appeal, the judgment in view of the record should, we think, be affirmed.