**BELL & GRADDY, Inc., et al. v. O'BRIEN et al.**

No/ 4926.

Court of Civil Appeals of Texas. Texarkana.

Feb. 10, 1938.

Rehearing Denied Feb. 17, 1938.

Edwin M. Fulton, of Texarkana, and Robert W. Cummins, of Gilmer, for plaintiffs in error.

H. P. Smead, of Longview, for defendants in error.

WILLIAMS, Justice.

Plaintiffs in error, Bell & Graddy, Inc., and Bells-Wells Oil Corporation, plaintiffs below, filed suit on April 6, 1933, against Frank W. O'Brien, Louisiana Iron & Supply Company, W. M. Bohan, and many others not necessary to mention, wherein plaintiffs alleged a trespass to try title action, sought a rescission of an assignment to said O'Brien of a leasehold estate, a

money judgment for damages, and a receivership of the properties. Hon. Renne Allred, Jr., judge of said court, on the same date, on an ex parte hearing appointed John E. Taylor receiver, who qualified and took charge of the properties. Prior to the November term of court several applications and orders relating to the receivership were made, and on a hearing of a motion to vacate, the court entered an order on October 25, 1933, vacating, setting aside, and holding for naught his order appointing a receivership, discharged the receiver, and ordered him to immediately surrender possession of the property to said Bohan.

On November 6, 1933, being the first day of the November term, defendant in error Bohan and the Louisiana Iron & Supply Company jointly filed their answer to the petition pleading a general demurrer, denial, and plea of not guilty. Also on this same date, November 6th, Bohan filed his motion containing exceptions and objections to the various items charged in the receiver's reports thereto filed and approved, and prayed that the orders approving same be canceled, set aside, and disapproved; that the court ascertain the receiver's fee and his costs expended in operating said lease during the time it was in the hands of the receiver, and to enter judgment against plaintiffs for such cost; and that said receiver be required to account to said Bohan for all moneys received from the sale of oil from said properties. The Hon. Renne Allred, Jr., judge of said court who heard all the proceedings in this cause, entered in the minutes of said November term of court which ended November 25, 1933, the following order:

"The State of Texas, County of Gregg.

"It being deemed advisable by Renne Allred, Jr., Judge of the Special District Court of Rusk and Gregg Counties, Texas, in and for Gregg County, Texas, on this the 25th day of November, A. D. 1933, that the present term of Court, same being the November Term, A. D. 1933, be extended until such time as all motions for new trials and other unfinished business be disposed of;

"It is therefore considered and ordered that said November Term, A. D. 1933, be and the same is hereby extended until January 3rd, A. D. 1934.

"Renne Allred, Jr.

"Judge of the Special District Court of Rusk and Gregg Counties, Texas, Sitting in Gregg County, Texas."

Thereafter, on December 9, 1933, the receiver filed a plea in abatement and exceptions to Bohan's contest to the receiver's reports, and in a decree dated December 9th, filed December 15, 1933, the court again sustained the receiver's reports; the decree reciting that the receiver had paid into the registry of the court the funds on hand and had surrendered possession of all the property; dissolved, the receivership and discharged the receiver and his bondsmen from further liability. In another decree of same date, filed December 15, 1933, the claim of Louisiana Iron & Supply Company in the sum of $1,416.12 was established as a claim against all parties to the suit and ordered paid out of funds deposited with the clerk of the court. In still another decree, dated December 9th, and filed December 15, 1933, the following judgment was entered; namely:

"Bell & Graddy, Inc, et al. Plaintiffs v. Frank W. O'Brien et al. Defendants.

"No. 17—C

"Now on this 9th day of December, 1933, the above cause being regularly set by the court and regularly reached, plaintiffs nor either of them appeared in person or by attorney, but the defendants W. M. Bohan, Louisiana Iron & Supply Company, * * * appeared and announced ready for trial, the remaining defendants, Frank W. O'Brien, Central Drilling Company, * * * came not; and it appearing to the court that plaintiffs have abandoned their cause of action, that said cause should be dismissed as to all parties.

"The court finds further, from the report of John E. Taylor, receiver, that the receivership has expended $5,696.81, during the time tenure in his office as receiver and the cost of said receivership shall be charged against plaintiffs, and the defendand W. M. Bohan shall have judgment against plaintiffs for said amount.

"It is therefore, by the court considered, ordered and adjudged that defendant, W. M. Bohan, have judgment against plaintiffs Bell & Graddy, Inc., and Bells-Wells Oil Company in the sum of $5695.81, together with six per cent interest thereon from this date until paid and that he have execution and other process against said plaintiffs Bell & Graddy, Inc., and Bells-Wells Oil Company for collection of same.

"It is further considered, ordered, adjudged and decreed by the court that this action be and the same is hereby in all

**562**

things dismissed as against all of the defendants and each of them at plaintiffs' cost, for which let execution issue.

"Renne Allred, Jr., Judge."

Only this last-mentioned decree is set out in the petition for writ of error, and from which plaintiffs in error have perfected their appeal. No statement of facts accompanies this record. Plaintiffs contend that this final judgment entered on December 9, 1933, is a nullity because the judge's order of November 25, 1933, extending the term "until such time as all motions for new trial and. other unfinished business be disposed of," is unauthorized and ineffective as an extension of the term generally for the purpose of trying this cause upon its merits. In Hamilton v. Empire Gas & Fuel Co., 85 S.W.2d 280, in an opinion by the Court of Civil Appeals and in the same case by the Supreme Court, 110 S.W.2d 561, not yet reported [in State report], the effect of an extension order in many respects similar to the one under consideration is construed. We conclude from the two opinions referred to which quote with approval Clayton v. Jobe, Tex.Civ. App., 71 S.W.2d 911, and Texas Mutual Life Ins. Ass'n v. Laster, Tex.Civ.App., 69 S.W.2d 496, that the Hon. Renne Allred, Jr., being the regular judge and the only judge named in this record, had the authority under article 1923, R.S. of Tex.1925, to extend this November term of court for a definite period of time to conclude a trial begun in· that term over which he had presided as the trial judge. And further, said judge had the authority by virtue of section 6 of article 200a of Vernon's Ann.Civ. Statutes, enacted in 1927, to extend for a definite period of time the term generally for the disposition of pending litigation.

This brings us to the construction of this extension order, and if the judgment complained of is to be construed as "unfinished business" or if it comes under the classification of "pending litigation." It is to be noted that this extension order reads, "until such time as all motions for new trial and other unfinished business is disposed of." By the use of "and" with "other," the term "unfinished business" refers back to proceedings similar in character to a motion for new trial. It is evident that the phrase "motions for new trial" has reference to trials theretofore had. The word "unfinished" means "not completed; not brought to an end; imperfect; the last effort, as a final touch is given to a work." This order does not read, "For the trial of cases," or for the purpose of disposing "of pending litigation," as contemplated under the provisions of article 200a, supra. The only reasonable construction to be placed upon this extension order from the language used is that it was an extension of the term for the purpose of disposing of unfinished business pertaining to trials theretofore had or begun in the November term of said court.

The history and character of this litigation which has been detailed discloses that no trial of this cause had been started, or a decree of any kind pertaining thereto had been entered in the November term of said court. The judgment involved in this appeal begins with the recitation, "Now on this the 9th day of December, 1933, the above cause being regularly set by the court and regularly reached," which clearly supports the conclusion that it is not a continuation of a trial begun in the November term of court. We are not called upon to determine the power of a court to enter the other two decrees of December 9th in vacation, or the power of a court in vacation to tax the costs of a receivership on its dissolution. This decree here involved is a judgment of dismissal as to several defendants; a judgment of dismissal of plaintiff's cause of action; a judgment taxing court costs; and a judgment awarding a recovery in favor of defendant against plaintiffs in error.

We conclude that said decree does not come within the terms of the extension order herein quoted, and for this reason the cause is reversed and remanded.